Louis Levin and Al Zucker, as Copartners, Doing Business under the Trade Name of Loual Silk Company, and Louis Levin, Individually, Appellants, v. Harry Gidinsky, Doing Business as Clairmont Silk Co., Respondent.— Action to recover damages for breach of contract between a partnership on the one hand and the defendant on the other. One partner, individually, and the partnership are named as parties plaintiffs, and damages are demanded in their behalf. Upon the opening statement of plaintiffs' counsel it was said that the other partner was not co-operating and would testify for the defendant. On defendant's motion the trial court dismissed the complaint on the ground that under section 194 of the Civil Practice Act it is required that all parties in interest be united as plaintiffs, or if one partner will not consent, it should be so stated in the complaint and the partner made a defendant. Judgment dismissing the complaint reversed on the law and the facts and a new trial granted, with costs to abide the event. There is no claim in the opening statement that one partner had not consented to the action. Nor does it appear that there is a non-joinder or misjoinder of parties such as prevents the action from proceeding to a proper judgment on the merits. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

Elfrida Lindahl, Appellant, v. The City of New York, Respondent.— Action to recover damages for personal injuries. Judgment dismissing the complaint on the merits at the close of plaintiff's case reversed on the law and facts and a new trial granted, with costs to appellant to abide the event. Plaintiff was unduly restricted and limited in presenting her proof. In the interest of substantial justice there should be a new trial. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.