■ FRED M. SCHWARTZ, Appellant, v FRANK M. MANFREDI et al., Individually, and Doing Business as MANFREDI & BONDI, Successors in Interest to MANFREDI, BONDI & SCHWARTZ, Respondents.—In an action for an accounting, plaintiff appeals from an order of the Supreme Court, Nassau County, dated September 25, 1978, which granted defendants' motion to dismiss the complaint. Order reversed, with $50 costs and disbursements, defendants' motion denied and plaintiff's complaint reinstated. Defendants' time to answer is extended until 20 days after service upon them

of a copy of the order to be entered hereon, together with notice of entry thereof. The plaintiff's complaint essentially alleges an equitable cause of action based upon unjust enrichment. He is not seeking a formal partnership accounting and the requisites thereof need not be satisfied. Rather, he is merely seeking recovery of certain moneys which, he alleges, rightfully belong to him and which are being wrongfully retained by the defendants to his detriment (cf. *Paramount Film Distr. Corp. v State of New York,* 30 NY2d 415, 421; 50 NY Jur, Restitution and Implied Contracts, § 5). The complaint, as presently pleaded, is dependent upon proof of an oral agreement which by its terms cannot be performed within one year. However, a motion to dismiss based upon the Statute of Frauds (General Obligations Law, § 5-701) is now premature. The complaint contains sufficient allegations to support a finding of full performance which would take the agreement out of the purview of the Statute of Frauds. In addition, much of the information which plaintiff requires to prove his case is within the exclusive control of the defendants. It is therefore impossible to determine on the present record whether there has been sufficient performance to take this agreement out of the Statute of Frauds and, accordingly, defendants' motion must be denied. Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.