■ FRANK DIODATO et al., Respondents, v EASTCHESTER DEVELOPMENT CORPORATION et al., Appellants. — In an action, *inter*

*alia,* to recover damages for fraud in the inducement to enter into a contract, to recover damages for breach of that contract, and for specific performance thereof, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered August 16, 1983, as denied that branch of their motion which was to dismiss the plaintiffs' cause of action to recover damages for fraud in the inducement.

Order affirmed, insofar as appealed from, with costs.

The plaintiffs' allegations that defendants falsely promised to equip their new residence with an elevator at no extra charge, and that this misrepresentation was designed to and did in fact induce plaintiffs to sign a contract of sale, were sufficient to state a cause of action to recover damages for fraud in the inducement. We reject defendant's contention that the fraud action is barred by the following clause which appeared in the contract of sale: "16. LIMITATION ON REPRESENTATIONS AND PURCHASER'S RELIANCE — Purchaser represents to the Seller that the Purchaser knows, has examined and has investigated to the full satisfaction of the Purchaser the plans or the model (less any displayed EXTRAS) house type and the lot to be sold; that neither the Seller nor any agent, officer, employee or representative of the Seller has made any representation whatsoever regarding the subject matter of this sale or any part thereof or of any matter or thing pertaining thereto, or concerning any right, privilege or license in connection therewith, *and the Purchaser in executing, delivering and/or performing this Agreement does not rely upon any statement and/or information except the list of displayed EXTRAS to whomsoever made or given, directly or indirectly, verbally or in writing by advertisement,* except the Offering Plan for TOWNHOUSES AT LAKE ISLE ASSOCIATION, INC., incorporated herein by reference. The parties further agree that this instrument contains the entire agreement of the parties and that there shall be no modifications hereof or agreements for changes in construction allowances on account of the purchase price or otherwise, in favor of Purchaser, unless in writing duly signed" (emphasis added).

Although defendants urge that we interpret this clause as a disclaimer by plaintiffs of any reliance on verbal representations concerning "extras", we find that the clause could also be reasonably interpreted to allow such reliance instead of prohibiting it (i.e., that plaintiffs were entitled to rely on any verbal list of extras). Since it is susceptible to two reasonable interpretations, we find the above clause ambiguous. It is a well-settled rule of law that an ambiguous clause which appears in a contract is to be construed against that party who drafted it, in this

case the defendant Eastchester Development Corporation (*see, Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342; *Interested Underwriters v Ducor's, Inc.,* 103 AD2d 76; *Tougher Heating & Plumbing Co. v State of New York,* 73 AD2d 732). Therefore, Special Term properly denied the motion to dismiss plaintiffs' fraud in the inducement claim as a matter of law.

In any event, the purported disclaimer would not inure to the benefit of defendant L'Hommedieu as he was not a party to the contract (*see, Wittenberg v Robinov,* 9 NY2d 261). We have reviewed the remaining contentions raised by the defendants and find them to be without merit. Titone, J. P., Bracken, Rubin and Lawrence, JJ., concur.