SECOND DEPARTMENT, APRIL, 1989

(April 3, 1989)

■ JUGAL K. AGRAWAL, Respondent, v RASA RAZGAITIS et al., Appellants, et al., Defendants.—In an action, *inter alia,* for an accounting, the defendants Rasa and Antanas Razgaitis appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated December 7, 1987, as denied their motion to compel the joinder of all of the partners of the North Shore Partnership as necessary parties to the action, and (2) from an order of the same court, dated February 29, 1988, which denied their motion for leave to reargue the denial of that motion.

Ordered that the appeal from the order dated February 29, 1988, is dismissed as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 7, 1987, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

An examination of the verified complaint discloses that the plaintiff, individually and on behalf of North Shore Partnership, essentially seeks equitable relief against one copartner of North Shore Partnership, Rasa Razgaitis, and other named defendants in the form of an accounting, reconveyance of real property to the partnership, and the imposition of a constructive trust. He also seeks a judgment against the defendants for any sum found to be due to either himself or the partnership. While the general rule with respect to partnerships provides that partners cannot sue each other at law unless there is an accounting, prior settlement, or adjustment of the partnership affairs *(see, Lord v Hull,* 178 NY 9), a partner may maintain an action at law against a copartner when no

complex accounting is required or when only one transaction is involved which is fully closed but unadjusted *(see, St. James Plaza v Notey,* 95 AD2d 804; *Schuler v Birnbaum,* 62 AD2d 461).* The action at bar specifically concerns an isolated and fully closed transaction and therefore falls within this exception. Furthermore, inasmuch as the plaintiff's action sought equitable relief, it was properly maintained *(see, Parnes v Edelman,* 128 AD2d 596).

An examination of the verified complaint further discloses that the plaintiff does not seek dissolution of the partnership or a formal partnership accounting. Therefore the requisites of a formal partnership accounting need not be satisfied *(see, Schwartz v Manfredi,* 72 AD2d 579).* The relief is sought against only one partner, Rasa Razgaitis, and there is no claim that any of the other partners of North Shore Partnership have not consented to the action. Therefore, the other partners are not necessary parties and their joinder is not required *(see, Levin v Gidinsky,* 258 App Div 1061).* Finally, the appellants' contention that the other partners should have been joined as necessary parties because the plaintiff sought rescission of a partnership agreement is meritless because the complaint does not seek rescission *(cf., Tudor v Riposanu,* 93 AD2d 718).* Mangano, J. P., Kooper, Sullivan and Harwood, JJ., concur.