Super Glue Corp., on Behalf of Itself and All Others Similarly Situated, Appellant, v Avis Rent A Car System, Inc., Respondent.

Second Department, July 18, 1990

**APPEARANCES OF COUNSEL**

*Sheldon V. Burman, P. C.,* for appellant.

*Proskauer Rose Goetz & Mendelsohn (Michael A. Cardozo, Joan M. Secofsky* and *Loretta Sposito* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

This class action was brought by the plaintiff on behalf of itself and all those who have rented automobiles from the defendant, Avis Rent A Car System, Inc. (hereinafter Avis) within the State of New York, and who were subject to and had imposed upon them, *inter alia,* charges for gasoline utilized during the rental (hereinafter the refueling charge) or charges for collision damage waiver insurance (hereinafter CDW).

After service of the complaint, which contained nine causes of action, the Supreme Court, Queens County (Cooperman, J.), granted a motion by Avis to dismiss the complaint. The plaintiff appealed, and by order dated July 13, 1987, this court reinstated the first, third, and fourth causes of action asserted in the complaint as they pertained to the class action certification, and limited the third cause of action to those instances wherein a refueling charge was not listed on the rental agreement *(see, Super Glue Corp. v Avis Rent A Car Sys.,* 132 AD2d 604). After the action was remitted to the Supreme Court, the plaintiff moved for partial summary judgment on the first, third, and fourth causes of action. The Supreme Court denied the plaintiff's motion and *sua sponte* granted summary judgment to Avis.

The remaining causes of action at issue alleged that (1) Avis's methods for calculating refueling charges were deceptive and in violation of Agriculture and Markets Law § 192 (5) and General Business Law § 349 (first cause of action), (2) the refueling charge denominated as "reimbursement" was a breach of the rental agreement (third cause of action), and (3) the CDW provisions also were deceptive and violated General Business Law § 349 (fourth cause of action).

The Supreme Court did not err in dismissing the first and fourth causes of action alleging a violation of Agriculture and Markets Law § 192 (5) and General Business Law § 349.

We find that Agriculture and Markets Law § 192 (5) by its clear, facial language, is applicable only to retail establishments such as service stations, not to car rental agencies. Avis's refueling charges are incidental to its rental agreements and we find they do not constitute the sale or offering for sale of gasoline to motorists at retail. Furthermore, since the statute consists of common words of clear import, analysis of which is dependent upon an accurate apprehension of

legislative intent, we have no reason to defer to the contrary opinion offered by the New York City Department of Consumer Affairs *(see, Matter of SIN, Inc. v Department of Fin.,* 71 NY2d 616; *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451)*. Accordingly, the failure of Avis to adhere to the provisions of Agriculture and Markets Law § 192 (5) was not a deceptive practice.

■ Nor do we find that the manner in which Avis computes its refueling charge is deceptive or misleading so as to violate General Business Law § 349. Given the optional character of the service and the disclosures contained on the rental agreement, we find that no coercion is placed upon the customer who chooses to return the vehicle with less gasoline than was present when it was rented and is therefore charged for gas. Merely because the premiums charged by Avis for its optional refueling service are substantial does not subject the premiums to review by the courts.

■ Additionally, we find that the failure of Avis to inform its customers that they may, when renting the Avis vehicle, already have CDW coverage, does not constitute a deceptive practice within the purview of General Business Law § 349. The plaintiff argues that many customers, although unaware, were covered by insurance duplicative of CDW coverage which therefore made the CDW coverage provided by Avis unnecessary. However, the customer with CDW coverage in place was in a far better position to ascertain the relevant conditions and exclusions relating to his or her coverage than was Avis. Avis cannot be charged with knowledge superior to that of its customers regarding the terms of their own contractual arrangements. Accordingly, we find that Avis had no legal duty to disclose information pertaining to the CDW coverage supplied by other companies *(see, Chabraja v Avis Rent A Car Sys.,* 192 Ill App 3d 1074, 549 NE2d 872)*. Furthermore, it cannot be said, as the plaintiff argues, that CDW coverage was totally without value to a customer fully covered by another policy. CDW coverage eliminated all potential liability arising from the bailment situation *(see, Chabraja v Avis Rent A Car Sys., supra)* with the result that Avis, not the customer, paid out-of-pocket expenses. Finally, in the absence of legislative regulation, and since the courts are not empowered to set policy on prices, excessive prices charged by Avis for CDW coverage or for refueling, without more, are not deceptive practices, and hence, are not actionable.

■ However, we find that the Supreme Court should not

have, *sua sponte,* granted summary judgment to Avis on the third cause of action alleging breach of contract based upon the language contained in the standardized rental agreement characterizing the refueling charge as a reimbursement. The term "reimburse" is susceptible to two interpretations: either the customer would pay for the actual cost to Avis of the gasoline utilized or would simply pay Avis for its gas without regard to the actual cost. Therefore, the term is ambiguous *(see, Diodato v Eastchester Dev. Corp.,* 111 AD2d 303, 304), unless, as in certain cases, the refueling charge was written on the face of the agreement. A question of fact exists as to how a reasonable customer would have interpreted the provision, thereby precluding summary judgment *(see, Kane Mfg. Corp. v Partridge,* 144 AD2d 340; *see also, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172).

Accordingly, the order and judgment is modified by deleting the provisions thereof which granted summary judgment to the defendant dismissing the third cause of action asserted in the complaint and thereupon dismissed the third cause of action, and the third cause of action is severed. As so modified, the order and judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

BRACKEN, J. P., RUBIN, ROSENBLATT and MILLER, JJ., concur.

Ordered that the order and judgment is modified by deleting the provisions thereof which granted summary judgment to the defendant dismissing the third cause of action and thereupon dismissed the third cause of action, and the third cause of action is severed; as so modified, the order and judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.