■ AROUND THE CLOCK DELICATESSEN, INC., Appellant, v ELEANOR LARKIN et al., Respondents. [648 NYS2d 678] —In an action to recover damages for fraud, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Molloy, J.), entered November 20, 1995, which, upon an order of the same court dated September 12, 1995, (1) granting the defendants' cross motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint, and (2) denying, as moot, the plaintiff's motion to compel the defendants to respond to interrogatories, is in favor of the defendants and against it dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the order dated September 12, 1995, is vacated, the defendants' cross motion is denied, and the matter is remitted to the Supreme Court, Nassau County for determination of the plaintiff's motion to compel the defendants to respond to its interrogatories.

The plaintiff commenced this action for fraud alleging that the defendants knowingly made material misrepresentations as to the size of the leased premises, and the number of curb cuts appurtenant to the premises in order to induce it into entering the lease. After the plaintiff was unable to make rent payments under the lease, the parties executed a "surrender agreement" to end the lease before its scheduled termination date, which provided, *inter alia:* "Landlord releases Tenant and Tenant releases Landlord from the obligations of the lease".

The Supreme Court erred in finding that the "surrender agreement" released the defendants from the plaintiff's claims based on fraud. A release is a contract whose interpretation is governed by contract law principles. Where the language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed. A release may not be read to cover matters which the parties did not desire or intend to dispose of. It is for the court to determine, in the first instance, whether language in a contract is ambiguous and susceptible of two or more reasonable interpretations (*see, Mangini v McClurg,* 24 NY2d 556; *Matter of Schaefer,* 18 NY2d 314, 317; *Cahill v Regan,* 5 NY2d 292, 299; *Metz v Metz,* 175 AD2d 938). The language of the "surrender agreement" is clear and indicates that the parties only intended to release themselves from the obligations of the lease. The plaintiff's allegations of fraud occurred before the lease was entered into and exist outside the obligations of the lease itself. In any event, even if the language of the "surrender agreement" could be viewed as ambiguous, which we conclude it cannot, since there was conflicting extraneous evidence as to the intent of the parties, the issue should have at least been determined by a trier of fact. Thus, the Supreme Court erred in granting the defendants' motion to dismiss pursuant to CPLR 3211 (a) (5). Since the Supreme Court denied the plaintiff's motion to compel a response to interrogatories, as moot, the Supreme Court should now determine that motion. Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.