ARUVISION HOLDING AND EXPLOI-
TATION, B.V., and Belaggingsmaat-
schappij Staga, B.V., Plaintiffs,

v.

DISNEY/ABC TELEVISION INTER-
NATIONAL INC., a foreign cor-
poration, Defendant.

No. 97–1880–CIV.

United States District Court,
S.D. Florida.

Oct. 31, 1997.

Robert Josefsberg, Miami, FL, Luis Quintana, Coral Gables, FL, for Plaintiffs.

Lawrence Kellogg, Miami, FL, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Under Rule 12(b)(6), filed August 26, 1997. Plaintiffs filed a response in opposition on September 19, 1997.

### I. Background

This case arises from a joint venture agreement ("Agreement") to provide programming services to cable television markets in Spain and Portugal. Plaintiffs and ABC Cable and International Broadcast, Inc. ("ABC International") were original parties to the Agreement, which was signed in November 1995. In early 1996, ABC International's parent company, Capital Cities/ABC, Inc. ("CCABC"), was acquired by The Walt Disney Company ("Disney"). Subsequent to the acquisition, Disney consolidated its international television operations with ABC International and renamed the merged entity Disney/ABC International, which is now the Defendant in this case. Plaintiffs claim Defendant violated the Agreement's transfer provision by not informing Plaintiffs of this transfer and by not obtaining authorization for it. (Compl.¶¶ 64–67.) Moreover, Plaintiffs allege that Defendant has breached the Agreement's non-compete provision by entering into an exclusive and long term output deal with the joint venture's main competitor. (Compl.¶¶ 95–98.)

Specifically, Plaintiffs include the following seven counts in their Complaint: (1) breach of the Agreement's non-compete clause; (2) breach of the Agreement's transfer clause; (3) tortious interference with business relationship; (4) breach of implied covenant of

good faith and fair dealing; (5) usurpation of partnership opportunity; (6) breach of fiduciary duty; and (7) accounting.

Defendant, moving to dismiss these counts on several different theories, puts forth two central arguments.[1] First, Defendant argues that all counts should be dismissed because the Agreement permits the actions alleged in the Complaint by exempting Defendant from the Agreement's non-compete and transfer provisions.[2] Second, Defendant urges this Court to dismiss counts I, II, IV, V, and VI because Plaintiffs have failed to demand an accounting before initiating these claims.

## II. Legal Standard

A motion to dismiss will be granted only where it is clear that no set of facts consistent with the allegations could provide a basis for relief. "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed.R.Civ.Pro. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.'" *Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir.1986) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all facts alleged by the plaintiff. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir.1986) (citation omitted).

## III. Analysis

### A. Exemption from the Agreement's Non–Compete and Transfer Provisions

■ Defendant's primary argument is that it cannot have breached the Agreement because it is specifically exempted from the Agreement's non-compete and transfer provisions. Therefore, Defendant asserts, no claims can be maintained against it and all counts in Plaintiffs' Complaint should be dismissed. Defendant contends that the Agreement acknowledges that Disney was in the process of acquiring CCABC and exempted both Disney and its controlled entities from the Agreement's restrictions on transfer and competition. Section 7, the Agreement's non-compete provision, provides:

> [T]he parties agree that nothing in this Section 7 herein shall be deemed to apply to (i) any entity controlling Capital Cities/ABC, Inc. ("CCABC"), the parties hereby acknowledging that an acquisition is currently pending between CCABC and The Walt Disney Company ("Disney") and should such acquisition be consummated, **the provisions of the Agreement, including, but not limited to, this Section 7, shall not apply to Disney and its controlled entities other than to CCABC and its controlled entities.**

(Agreement § 7.1(c) (emphasis added).)[3] Defendant contends that this language exempts it from both section 7's prohibition on competition and from section 4's prohibition on transfer because it is a controlled entity of Disney. Defendant overlooks, however, the clause providing "other than to CCABC and

1. Defendant also argues that Plaintiffs do not have standing to bring counts I, IV, V, VI, and VII because these are claims of the joint venture that cannot be brought directly by Plaintiffs. Recognizing an error in their Complaint, Plaintiffs have filed a Motion to Interlineate Complaint, adding the allegation that "Plaintiffs bring suit on behalf of all members of the Joint Venture Agreement." (Pls.' Mot. to Interlineate Compl. ¶ 3.) In an Order dated October ..., 1997, the Court granted this motion, rendering moot Defendant's challenge based on standing.

2. Defendant makes two other related arguments: that count IV should be dismissed because an obligation of good faith and fair dealing cannot be implied inconsistently with the terms of a

contract; and that counts V and VI should be dismissed because Defendant cannot be found liable in tort if it acted pursuant to the Agreement's terms. Both of these arguments assume that the Agreement permits Defendant's actions. Because the Court finds that the Agreement does not unambiguously exempt Defendant from the non-compete and transfer provisions, an analysis of these two arguments is unnecessary.

3. Although Plaintiffs did not attach the Agreement to their Complaint, the Court may consider the Agreement as part of the pleadings because it has been attached to the Motion to Dismiss and forms a central part of Plaintiffs' claims. *See Canon v. Clark*, No. 94–8150–CIV–KING, 1994 WL 549759, at *3 (S.D.Fla.1994).

its controlled entities." This clause suggests that Defendant was not meant to be included in the exemption from the non-compete provision because ABC International (Defendant's predecessor) was a controlled entity of CCABC before the Disney acquisition and merger.

The fact that the exemption in the non-compete clause is subject to more than one interpretation renders the clause ambiguous on its face. *See Goodheart Clothing Co., Inc. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 272 (2d Cir.1992) ("Contract language is ambiguous on its face if it is reasonably susceptible of more than one interpretation, and a court makes this determination by reference to the contract alone."); *Super Glue Corp. v. Avis Rent A Car Sys., Inc.*, 159 A.D.2d 68, 557 N.Y.S.2d 959, 961 (N.Y.App. Div.1990), *appeal denied*, 77 N.Y.2d 801, 566 N.Y.S.2d 586, 567 N.E.2d 980 (1991).[4] When a contract is ambiguous, the Court must ascertain the intent of the parties. Because Plaintiffs could come forward with facts showing that the parties did not intend the non-compete clause to exempt Defendant, Plaintiffs have stated a claim sufficient to survive a motion to dismiss. *See Around The Clock Delicatessen, Inc. v. Larkin*, 232 A.D.2d 514, 648 N.Y.S.2d 678, 679 (N.Y.App. Div.1996).

### B. Prior Accounting

 Defendant's second argument concerns the need for a prior accounting. Defendant argues for dismissal of counts I, II, IV, V, and VI on the grounds that claims at law between joint venturers cannot proceed absent a prior accounting. New York law follows this general rule. There is an exception, however, "when no complex accounting is required or when only one transaction is involved which is fully closed but unadjusted." *Schuler v. Birnbaum*, 62 A.D.2d 461, 405 N.Y.S.2d 351, 352 (N.Y.App.Div.1978); *see also Agrawal v. Razgaitis*, 149 A.D.2d 390, 539 N.Y.S.2d 496, 497 (N.Y.App.Div. 1989). The exception is applicable to this case. Plaintiffs essentially challenge one transaction: the deal that Defendant entered into with the joint venture's competitor. The transaction has been completed. Moreover, because the challenged actions of Defendant

have the potential of ending the joint venture altogether, the policy reasons for preventing "premature piece-meal judgments between partners" are not present in this case. *Id.* at 352. Thus, the failure to demand a prior accounting does not warrant dismissal of Plaintiffs' claims.

Finally, Defendant asks the Court to dismiss count VII (for an accounting) because Plaintiffs have not made a prior demand. Plaintiffs allege in their Complaint, however, that they have made "repeated requests for information" concerning Defendant's activities but have been refused time and time again. (Compl.¶¶ 103–05.) Taking these allegations as true, as the Court must for purposes of a motion to dismiss, it would be futile to require Plaintiffs to make a demand on Defendant prior to bringing a cause of action for an accounting. Thus, the Court will not dismiss count VII.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion to Dismiss Under Rule 12(b)(6) be, and the same is hereby, DENIED. Defendant shall have twenty (20) days from the date of this Order to file an Answer.

---

4. New York law governs the Agreement (Agreement § 10.1).