[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, U.B. Vehicle Leasing, Inc., (UBVL) commenced suit against the defendants, Scott Davis and Jelena Lektorova, asserting a cause of action for contractual and common law indemnification.
According to the complaint, in March, 1999, a van driven by Lektorova, leased by Davis, and owned by UBVL was involved in an automobile accident wherein two other parties, Jeffrey Eakley and George Green were injured. In an action to recover damages for their injuries, Eakley and Green filed suit in the United States District Court for the Southern District of New York naming Davis, Lektorova and UBVL among the defendants. Davis's insurance carrier, Atlantic Mutual Insurance Company, (AMIC) defended the matter. Following a stipulation in which Eakley and Green agreed to withdraw their claims as to Davis and Lektorova, a jury returned a verdict against UBVL. The court issued judgment in favor of Eakley and Green for $1,570,000, of which AMIC paid $1,300,000, thereby exhausting its policy limit, and UBVL paid the remaining $270,000.
In the present action, UBVL seeks contractual indemnification from the defendants for the expenses it incurred in defense of the federal court action pursuant to a 1998 lease agreement, which Davis entered into with Central Avenue Chrysler of New York, and which was then assigned to UBVL. The lease agreement provides that Davis agrees to indemnify UBVL for all liability, loss and expense arising from the use, condition or ownership of the vehicle. As against Lektorova, UBVL claims it is entitled to common law indemnification, because Eakley and Green's injuries were the direct and immediate result of Lektorova's negligence and/or recklessness, Lektorova had exclusive control of the situation giving rise to the accident, and UBVL did not know, nor could have anticipated Lektorova's negligence and/or recklessness.
As to UBVL's contractual indemnification claim, Davis and Lektorova maintain by way of a special defense that the provision UBVL relies upon CT Page 13054 in asserting this claim is unenforceable because it violates public policy, is vague and ambiguous, and is procedurally and substantively unconscionable.
UBVL now moves for summary judgment on the ground that it is entitled to indemnification pursuant to the lease agreement. The defendants filed an objection to the motion and a cross-motion for summary judgment in which they contend that the lease agreement is unenforceable.
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § [17-46]." (Citations omitted; internal quotation marks omitted.) Gaynor v. Payne, 261 Conn. 585, 590, 591 ___ A.2d ___ (2002).
"A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater New York Mutual Ins.Co., 259 Conn. 527, 556, 791 A.2d 489 (2002). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
At the outset, the court finds that New York law governs the interpretation of the lease agreement. Generally, "Connecticut's choice of law approach for contracts is the `most significant relationship' test of the Restatement (Second)," unless the contract contains a choice of law provision. Reichold Chemicals, Inc. v. Hartford Accident Indemnity Co., 252 Conn. 774, 781, 750 A.2d 1051 (2000). Here, the lease agreement contains a choice of law provision[1] which establishes that New York law will govern the interpretation of the lease. UBVL does not dispute that New York law governs, indeed it argues that it is entitled to indemnification under both New York and Connecticut law.
The paragraph in contention for purposes of this motion is paragraph 48 of the lease agreement titled, "Indemnity, Fines and Tickets." This paragraph provides in relevant part: "[Y]ou [lessee] will indemnify and CT Page 13055 hold harmless Lessor, UBVL . . . from any loss or damage to the Vehicle and its contents. You [lessee] also will indemnify and hold harmless Lessor, UBVL . . . from all claims, losses, injuries, expenses and costs related to the use, maintenance, or condition of the Vehicle. . . ." Pursuant to this paragraph, UBVL claims it is entitled to indemnification for the costs associated with its defense in the federal court action.
"Under the [New York] statutory scheme, an owner is required to maintain a minimum liability coverage for bodily injury and for death, but nothing in the statute's scheme, language, or legislative history suggests that a lessor/owner [like UBVL] cannot by contract secure indemnification from a lessee/driver for liability stemming from the latter's negligence which exceeds the amounts for which owners are required to be insured." (Emphasis added; internal quotation marks omitted.) Morris v. Snappy Car Rental, Inc., 84 N.Y.2d 21, 28,637 N.E. 253, 614 N.Y.S.2d 362 (1994). In their special defense, and in their objection to UBVL's motion for summary judgment, the defendants argue that the contractual provision at issue is unenforceable because, among other things, it is procedurally and substantively unconscionable.
"[A] lease agreement, like any other contract, essentially involves a bargained-for exchange between the parties. Absent some violation of law or transgression of a strong public policy, the parties to a contract are free to make whatever agreement they wish, no matter how unwise it might appear to a third party. . . . The doctrine of unconscionability, with its emphasis on the contract-making process, is really an expression of, rather than an exception to, this principle." (Citation omitted; internal quotation marks omitted.) Master Lease v. Manhattan Limousine, Ltd.,177 App.Div.2d 85, 89, 580 N.Y.S.2d 952 (1992). "[W]hether a contract or a clause thereof is unconscionable or not is for the court to decide. . . ." (Citation omitted; internal quotation marks omitted.) Id., 89. "A determination of unconscionability requires a showing that the contract was both procedurally and substantively unconscionable when made — i.e., some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party. . . ." (Citation omitted; internal quotation marks omitted.) Gillman v. Chase ManhattanBank, N.A., 73 N.Y.2d 1, 10, 534 N.E. 824,537 N.Y.S.2d 787 (1988).
"[P]rocedural unconscionability concerns the contract formation process, while substantive unconscionability looks to the content of the contract . . . Examples of the former include, but are not limited to, high pressure commercial tactics, inequality of bargaining power, deceptive practices and language in the contract, and an imbalance in the CT Page 13056 understanding and acumen of the parties. Examples of unreasonably favorable contractual provisions are virtually limitless but include inflated prices, unfair termination clauses, unfair limitations on consequential damages and improper disclaimers of warranty. . . ." (Citations omitted; emphasis added; internal quotation marks omitted.)Universal Leasing Services, Inc. v. Flushing Hae Kwan Restaurant,169 App. Div. 2d 829, 831, 565 N.Y.S.2d 199 (1991).
Davis filed an affidavit in which he attests that the location of the sentence which UBVL relies upon in asserting its right to indemnification made it difficult for him to appreciate its significance. Indeed, the sentence at issue is located between other sentences pertaining to his liability for the loss or property damage of the vehicle, and his liability for fines and tickets imposed upon the vehicle or its driver. Moreover, he states in his objection to UBVL's motion that he understood that by maintaining insurance coverage exceeding what was required by the lease agreement, he was protecting himself from possible claims made by UBVL, and protecting UBVL from claims made by others as a result of his use of the vehicle.
This court finds that the Davis has raised genuine issues of material fact as to whether his misunderstanding of the lease agreement results from procedural unconscionability, such as an imbalance in the understanding of the parties; and substantive unconscionability, such as the location of the sentence relating to indemnification for personal injury claims. "A question of fact exists as to how a reasonable customer would have interpreted the provision, thereby precluding summary judgment. . . ." (Citations omitted.) Super Glue Corp. v. Avis Rent A CarSystem, Inc., 159 App.Div.2d 68, 72, 557 N.Y.S.2d 959 (1990).
For the foregoing reasons, the court hereby denies UBVL's motion for summary judgment and denies the defendants' cross-motion for summary judgment.
So Ordered.
 ___________________ D'ANDREA, J.T.R.