Gregory C. Thomas, Respondent,
against
Jeffrey T. Jordan, Doing Business as Tracr Consulting, LLC, Appellant. 




Jeffrey T. Jordan d/b/a Tracr Consulting, LLC, appellant pro se.
Gregory C. Thomas, respondent pro se (no brief filed).

Appeal from a judgment of the City Court of Beacon, Dutchess County (Rebecca S. Mensch, J.), entered June 13, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,000.




ORDERED that the judgment is affirmed, without costs.
In this small claims breach of contract action, plaintiff seeks to recover the sum of $5,000 representing the payment he made to defendant for work which defendant allegedly never performed. 
At a nonjury trial, plaintiff testified that he had hired defendant for assistance in settling a debt that plaintiff owed to the Internal Revenue Service (IRS). The parties entered into a letter of engagement on March 13, 2017, which provided, with respect to plaintiff's obligations, that plaintiff was to pay a $5,000 retainer fee and would promptly reply to any communication from defendant and promptly file requested forms and documents. The letter also provided that "All flat fee retainer fees are non-refundable. Hourly retainer fees will be refunded based upon hours worked." Plaintiff believed that the retainer fee was one in which defendant would bill his hourly rate against the retainer amount. Plaintiff paid defendant $5,000 as a retainer for defendant's services and, as of December 2017, had provided defendant with requested tax returns, financial documents and a power of attorney. Defendant, however, never contacted the IRS and [*2]terminated his representation of plaintiff, but failed to refund plaintiff's money. Defendant claimed that plaintiff had breached the contract by failing to furnish him with requested documents in a timely fashion and that the agreement entered into provided that the retainer was a flat-fee, non-refundable retainer. As a result, defendant had no itemized bill with respect to any work performed. 
Following the trial, a judgment was entered awarding plaintiff the principal sum of $5,000. The City Court found that the letter of engagement was vague and misleading, and could reasonably be interpreted by plaintiff to provide for a refund of that portion of the retainer fee not billed against by defendant. The court further found that defendant had failed to submit credible evidence of time spent on plaintiff's case, especially in the absence of any record or any communication with the IRS on plaintiff's behalf.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference applies with greater force to judgments rendered in the small claims part of the court (see Williams v Roper, 269 AD2d at 126).
In cases of ambiguity, a contract must be construed most strongly against the party that prepared it, and favorably to a party that had no voice in the selection of its language (see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454 [1989]; 67 Wall Street Co. v Franklin Natl. Bank, 37 NY2d 245 [1975]). "In choosing among reasonable meanings of a promise or agreement or a term thereof, that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds" (Restatement [Second] of Contracts § 206; see also Rentways, Inc. v O'Neill Milk & Cream Co., 308 NY 342 [1955]). A contract is ambiguous when its terms are reasonably susceptible to two or more interpretations (see Diodata v Eastchester Dev. Corp., 111 AD2d 303 [1985]). 
Here, the court determined that the letter of engagement was vague and ambiguous, as the letter did not state clearly whether the retainer was a flat fee and nonrefundable, or an hourly retainer which was refundable in excess of hours billed. Consequently, as defendant drafted the agreement, the contract was to be construed favorably to plaintiff, i.e., that it was an hourly retainer (see Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc., 10 AD3d 699 [2004]). The court further found that defendant's estimation of the time he claimed he had worked on plaintiff's case was not credible and that there was no other evidence to establish the hours defendant had worked. Indeed, there was no correspondence submitted between defendant and the IRS, and no negotiated debt reduction or revised payment plan to the IRS. In view of the foregoing, the City Court's conclusion that the retainer did not call for a nonrefundable flat fee [*3]and that, under the circumstances, plaintiff was entitled to recover his full payment, was not so clearly erroneous as to deny substantial justice (see UCCA 1804, 1807; Tranquility Salon & Day Spa, Inc. v Caira, 141 AD3d 711 [2016]). 
Defendant's remaining contention is unpreserved for appellate review.
Accordingly, the judgment is affirmed.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 02, 2020