■ JOHN DEROSSI et al., Appellants, v LILLIAN RUBINSTEIN, as Executrix of SEYMOUR RUBINSTEIN, Deceased, et al., Respondents. [650 NYS2d 10] —Order, Supreme Court, New York County (Carol Huff, J.), entered February 1, 1996, which denied plaintiffs' motion for summary judgment or, in the alternative, to strike defendants' answer for failure to properly respond to discovery and, upon a search of the record, granted summary judgment dismissing the complaint, and also granted defendants' cross-motion for leave to serve an amended answer containing a counterclaim based on intentional infliction of emotional distress, unanimously modified, on the law, summary judgment denied to defendants, the complaint reinstated

and the cross-motion for leave to serve an amended answer denied with leave to plaintiffs to seek relief for failure to comply with disclosure, and otherwise affirmed, without costs.

The motion court erred by improperly engaging in issue determination in dismissing this complaint on summary judgment (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395), and by improperly allowing service of a counterclaim which was time-barred and did not meet the requirements of the "relation-back" rule.

The first cause of action, a sufficiently-pleaded claim for fraud, was dismissed on the basis of documentary evidence submitted on the motions. However, this evidence, an investment solicitation letter and a subscription agreement signed by plaintiffs, tends to support the fraud claim at least as much as it defeats it, thus raising triable issues of fact. The solicitation letter is at best ambiguous and at worst misleading in describing the tax implications of the limited-partnership investment. The representation in the subscription agreement cited as pivotal by the court, that plaintiffs had "consulted with a professional investment advisor, attorney or accountant concerning this investment", does not contradict in the least their allegation that they relied on defendants' decedent/principal, their tax and investment advisor, in this matter. Moreover, the record indicates that plaintiffs, whom the decedent allegedly knew to be neophyte investors, executed the subscription agreement over two weeks before they received the offering memorandum for the investment.

The other causes of action, for constructive fraud, negligent representation and breach of fiduciary duty were also improperly dismissed, with the court once again engaging in issue determination. The record indicates that issues of fact exist as to the plaintiffs' sophistication as investors and their reliance on the decedent for tax and investment advice.

The granting of the cross-motion permitting amendment of the answer to set forth the counterclaim alleging intentional infliction of emotional distress, due to plaintiff John DeRossi's repeated, harassing phone calls to the decedent between 1990 and January 1993, was also improper. The one-year Statute of Limitations on the claim had already run at the time the motion was made (August 1995) and the "relation-back" provision of CPLR 203 (f) does not apply since "the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." Concur—Murphy, P. J., Milonas, Williams, Tom and Andrias, JJ.