◾ JAMES R. SMITH et al., Appellants, v TRIAD MANUFACTURING GROUP, INC., et al., Defendants, and PETER M. KANTER, Respondent. [681 NYS2d 710] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Plaintiffs are owners of shares of preferred stock of defendant Triad Manufacturing Group, Inc. (Triad), a defunct company. The officers and directors of Triad are defendants Terry King, Thomas Becze

and Peter M. Kanter. Nine of the plaintiffs subscribed to an offering of the stock pursuant to a "Private Placement Memorandum". The other two plaintiffs received their shares before the offering in satisfaction of previous investments or loans made by them to Triad.

Plaintiffs commenced this action against Triad, its officers, directors and attorney, alleging causes of action for conversion, fraudulent misrepresentation, conspiracy, breach of fiduciary duty, violation of section 5 of the Securities Act of 1933 (15 USC § 77e) and violation of General Business Law § 349. Supreme Court granted the motions of Kanter and Triad's attorney for summary judgment dismissing the complaint against them. Plaintiffs appeal from that part of the order that dismissed the complaint against Kanter.

In addition, plaintiffs have abandoned their appeal from that part of the order dismissing their first cause of action for conversion by failing to brief that issue (*see, Ciesinski v Town of Aurora*, 202 AD2d 984).

Plaintiffs' third cause of action alleging conspiracy was properly dismissed because "New York does not recognize a substantive tort of conspiracy" (*MBF Clearing Corp. v Shine*, 212 AD2d 478; *see, Kjar v Jordan*, 217 AD2d 981).

The court erred, however, in dismissing the second and fourth causes of action, for fraud and breach of fiduciary duty (*see, DeRossi v Rubinstein*, 233 AD2d 220, 221). Although Kanter met his initial burden on the motion, plaintiffs submitted admissible evidence sufficient to establish the existence of material questions of fact precluding summary judgment dismissing those causes of action (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). We reject Kanter's contention that plaintiffs are collaterally estopped from litigating their fraud cause of action by our recent decision in *Smith v Gross, Shuman, Brizdle & Gilfillan* (249 AD2d 893). The doctrine of collateral estoppel is inapplicable because the issues in the present case were not raised or decided in the prior action (*see, Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455; *Ryan v New York Tel. Co.*, 62 NY2d 494, 500).

The court further erred in dismissing the sixth cause of action, alleging a violation of section 5 of the Securities Act of 1933. That section makes it unlawful for any person, directly or indirectly, to sell securities through the mail or in interstate commerce unless a registration statement for such security has been filed with the Securities and Exchange Commission (*see,* 15 USC § 77e). Section 4 of the Act, however, contains a number of exemptions that enable an issuer to avoid the

registration requirement (*see*, 15 USC § 77d). Kanter failed to meet his initial burden of coming forward with admissible evidence establishing that the preferred stock placement qualified for an exemption from registration (*see*, 15 USC § 77d; *cf.*, *Wright v National Warranty Co.*, 953 F2d 256, 259).

Finally, the court properly dismissed the seventh cause of action, alleging a violation of General Business Law § 349. Kanter's alleged conduct does not fall within the consumer-oriented ambit of that statute (*see*, *Morris v Gilbert*, 649 F Supp 1491, 1497; *see also*, *Yaeger v National Westminster Bank*, 130 Bankr 656, 689, *affd* 962 F2d 1). Section 349 "was designed to protect consumers from various forms of consumer fraud and deception" (*Quail Ridge Assocs. v Chemical Bank*, 162 AD2d 917, 920, *lv dismissed* 76 NY2d 936), and "[p]rivate contract disputes, unique to the parties * * * would not fall within the ambit of the statute" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25; *see*, *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 321). Further, "securities are purchased as investments, not as goods to be 'consumed' or 'used'" (*Morris v Gilbert, supra*, at 1497). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner and Boehm, JJ.