■ MICHAEL E. STUTMAN et al., Respondents, v CHEMICAL BANK, Appellant. [690 NYS2d 8] —Order, Supreme Court, New York County (Stephen Crane, J.), entered September 4, 1998, to the extent that it denied defendant's motion to dismiss the remaining (second and sixth) causes of action in the amended complaint, unanimously reversed, on the law, with costs, the motion granted with respect to those causes of action, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiffs in this class action challenge a $275 charge for "attorney's fee" imposed by defendant in connection with the

prepayment of a mortgage by a new third-party lender. The terms of the original note provided that there would be no extra charges for a simple prepayment of the loan. The case was initially removed to United States District Court, where causes of action for breach of contract and violations of the Federal Truth in Lending Act were dismissed, Judge Mukasey (SD NY) ruling that the fee was neither a finance charge nor a penalty for prepayment. Upon remand for consideration of the remaining claims under State law, the IAS Court dismissed additional causes of action for fraud and injunctive relief.

The service rendered by defendant here went beyond the scope of pure prepayment. Plaintiffs had arranged for refinancing with a new lender bank, which was to assume the role of mortgagee. Defendant was entitled to send its representative to the closing in order to assure itself of full payment of the outstanding principal and interest before delivery of either a satisfaction piece or an assignment of its mortgage on acceptable terms. Such a transaction legitimately required some additional legal services.

The surviving second cause of action alleges that the fee was excessive and unreasonable in light of the parties' unequal bargaining positions. It should be kept in mind that this charge was related to defendant's administrative expenses in enabling plaintiffs to refinance their $175,000 mortgage, i.e., part of the price of renegotiating the terms of the loan. As a matter of common sense, plaintiffs would not have refinanced had there not been a financial incentive to do so, notwithstanding the $275 fee. In the absence of statutory authority to review such matters, "courts are not empowered to set policy on [the excessiveness of] prices" (*Super Glue Corp. v Avis Rent A Car Sys.*, 159 AD2d 68, 71, *lv denied* 77 NY2d 801).

The sixth cause of action alleges that the imposition of this charge constituted an unlawfully deceptive business practice, in violation of General Business Law § 349. The test for such a violation is whether the imposition of the charge rendered the provision in the note (that the borrower would be able to prepay the loan "without * * * charge") a representation "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 26). The burden is on plaintiffs to show "materially deceptive conduct" on which they relied to their detriment (*Gershon v Hertz Corp.*, 215 AD2d 202). We find it highly improbable that the allegedly misleading language had any effect on plaintiffs' decision to borrow from defendant in the first place. Concur—Rosenberger, J. P., Wallach, Rubin and Andrias, JJ.