■ TIMOTHY P. SMITH et al., Appellants, v CHASE MANHATTAN BANK, USA, N.A., et al., Respondents. [741 NYS2d 100] —In a purported class action to recover damages for a violation of General Business Law § 349, breach of contract, unjust enrichment, and a violation of Civil Rights Law §§ 50 and 51, the plaintiffs appeal from an order of the Supreme Court, Kings County (Clemente, J.), dated July 27, 2000, which granted the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs, who purport to represent a class of similarly-situated persons, are holders of credit cards and mortgages issued by Chase Manhattan Bank USA, N.A. The plaintiffs commenced this class action against the defendants, Chase Manhattan Bank USA, N.A., and its parent, Chase Manhattan Corporation (hereinafter collectively Chase), alleging five separate causes of action: (1) a violation of General Business Law § 349 (a) for engaging in a deceptive practice, (2) breach of contract, (3) unjust enrichment, (4) a violation of Civil Rights Law § 50, and (5) a violation of Civil Rights Law § 51.

The complaint alleges that Chase violated its commitment to protect customer privacy and confidentiality and not to share customer information with any unrelated third party, except, inter alia, to conduct its business or make available special offers of products and services which might be of interest to customers. This confidentiality commitment was contained in a printed document entitled "Customer Information Principles," which was distributed to the plaintiffs. Allegedly unbeknownst to the plaintiffs, without their consent and without giving the plaintiffs an opportunity to opt out, Chase sold information to nonaffiliated third-party vendors, including the plaintiffs' names, addresses, telephone numbers, account or loan numbers, credit card usage, and other financial data. The third-party vendors used this information and created lists of Chase customers, including the plaintiffs, who might be interested in their products or services. These lists were then provided to telemarketing and direct mail representatives to conduct solicitations. In return for the information, the third-party vendors agreed to pay Chase a commission (of up to 24% of the sale) in the event that a product or service offered were purchased.

The defendants moved to dismiss all five causes of action for

failure to state a cause of action. The Supreme Court granted the defendants' motion in its entirety. We affirm.

To establish a cause of action under General Business Law § 349, a plaintiff must prove that the challenged act or practice was consumer oriented, that it was misleading in a material way, and that the plaintiff suffered injury as a result of the deceptive act. Whether a representation or omission, the deceptive practice must be likely to mislead a reasonable consumer acting reasonably under the circumstances. In addition, to recover under the statute, a plaintiff must prove actual injury, though not necessarily pecuniary harm (*see Stutman v Chemical Bank,* 95 NY2d 24, 29; *see also Small v Lorillard Tobacco Co.,* 94 NY2d 43; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20).

Presuming the allegations in the complaint to be true, and giving them the benefit of every favorable inference (*see Cron v Hargro Fabrics,* 91 NY2d 362, 366), to the extent that the plaintiffs alleged that Chase sold confidential customer information to third-party vendors in violation of its document entitled "Customer Information Principles," the complaint alleges actionable deception. However, the plaintiffs have not alleged, and cannot prove, any "actual injury" as is necessary under General Business Law § 349 (*Stutman v Chemical Bank, supra* at 29; *Small v Lorillard Tobacco Co., supra; Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, supra*). The complaint alleged that Chase's "deceptive acts and practices deceived the plaintiffs and other members of the class, and have directly, forseeably and proximately caused actual damages and injury to the plaintiffs and other members of the class in amounts yet to be determined." These allegations failed to allege any actual harm. Elsewhere in the complaint, the plaintiffs alleged: "the products and services offered to class members as a result of [Chase's] practices of selling class members' confidential financial information included memberships in discount shoppers' clubs, emergency road service plans, dental and legal service plans, travel clubs, home and garden supply clubs, and credit card registration and magazine subscription services."

Thus, the "harm" at the heart of this purported class action, is that class members were merely offered products and services which they were free to decline. This does not qualify as actual harm.

The complaint does not allege a single instance where a named plaintiff or any class member suffered any actual harm due to the receipt of an unwanted telephone solicitation or a

piece of junk mail. Accordingly, the court properly dismissed the plaintiffs' General Business Law causes of action.

The plaintiffs seek to recover damages for unjust enrichment based on the profits Chase earned as commissions on the purchases made by members of the plaintiffs' class. "To state a cause of action for unjust enrichment, a plaintiff must allege that it conferred a benefit upon the defendant, and that the defendant will obtain such benefit without adequately compensating plaintiff therefor" (*Nakamura v Fujii,* 253 AD2d 387, 390; *see Wolf v National Council of Young Israel,* 264 AD2d 416, 417). The plaintiffs failed to state a cause of action to recover damages for unjust enrichment since the members of the plaintiffs' class who made purchases of products and/or services received a benefit. There being no allegation that the benefits received were less than what these purchasers bargained for, it cannot be said that the commissions paid by the third-party vendors to Chase belong to the plaintiffs as a matter of equity (*see Wiener v Lazard Freres & Co.,* 241 AD2d 114, 121; *Fandy Corp. v Chang,* 272 AD2d 369; *Bugarsky v Marcantonio,* 254 AD2d 384).

Similarly, the plaintiffs failed to state a cause of action to recover damages for breach of contract. The plaintiffs' allegation of contract damages consisted solely of the phrase "all to the damage of the class." Such a vague and conclusory allegation is insufficient to support a cause of action for breach of contract (*see Gordon v Dino De Laurentiis Corp.,* 141 AD2d 435, 436). Even if the complaint were construed to allege damages for the invasive and unsolicited telephone calls, no cause of action is stated, since damages for emotional distress are insufficient to state a cause of action for breach of contract (*see Wehringer v Standard Sec. Life Ins. Co.,* 57 NY2d 757, 759). In addition, the plaintiffs may not rely on Chase's profits to satisfy the damage element of their cause of action, since the plaintiffs never had any expectation of monetary compensation.

The plaintiffs have failed to state a cause of action under Civil Rights Law §§ 50 and 51. Civil Rights Law §§ 50 and 51, which must be narrowly construed, were never intended to address the wrongs complained of by the plaintiffs (*see Messenger v Gruner & Jahr Print. & Publ.,* 94 NY2d 436, 441, *cert denied* 531 US 818; *Arrington v New York Times Co.,* 55 NY2d 433, 439, *cert denied* 459 US 1146). Smith, J.P., S. Miller, Luciano and Schmidt, JJ., concur.