■ PATRICIA HAYES, Appellant, v COUNTY BANK, Respondent. [755 NYS2d 902] —In a class action commenced by the plaintiff Patricia Hayes on behalf of herself and others similarly situated, inter alia, for a judgment declaring that the defendant's interest charges are unconscionable and that the arbitration provision in the defendant's loan documents is void and unenforceable, the plaintiff appeals from so much of (1) an order of the Supreme Court, Queens County (Kitzes, J.), dated

October 16, 2001, as denied that branch of her motion which was for partial summary judgment on the cause of action pursuant to General Business Law § 349, and (2) an order of the same court, dated January 28, 2002, as, upon reargument and renewal, adhered to its prior determination.

Ordered that the appeal from the order dated October 16, 2001, is dismissed, as that order was superseded by the order dated January 28, 2002, made upon reargument and renewal; and it is further,

Ordered that the order dated January 28, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff failed to meet her burden of establishing entitlement to judgment as a matter of law with regard to the cause of action pursuant to General Business Law § 349, as she failed to show that the arbitration clause at issue is deceptive or misleading to a reasonable consumer (*see Stutman v Chemical Bank,* 95 NY2d 24, 29 [2000]; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25-26 [1995]; *Smith v Chase Manhattan Bank, USA,* 293 AD2d 598 [2002]).

The plaintiff's remaining contentions are unpreserved for appellate review or without merit. Feuerstein, J.P., Smith, H. Miller and Cozier, JJ., concur.