■ ROBERT HOBERMAN, Respondent-Appellant, v YALE M. FISHMAN et al., Appellants-Respondents, and UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK,

Respondent. Robert Hoberman, Respondent, v Yale M. Fishman et al., Appellants, et al., Defendants. [758 NYS2d 301] —Order, Supreme Court, New York County (Walter Tolub, J.), entered January 25, 2002, which denied motions for summary judgment, with leave to renew upon completion of disclosure, unanimously modified, on the law, to dismiss plaintiff Trust's unjust enrichment claim against the Fishman defendants, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 24, 2002, which granted the Fishman defendants' motion to reargue and, upon reargument, adhered to the prior order, unanimously dismissed as academic, without costs.

The Trust's unjust enrichment claim against the Fishman defendants should have been dismissed where the Trust does not claim that it paid an unfair price for the life insurance policies procured by the Fishmans, or did not receive the coverage it had bargained for, but rather that the policies were not an appropriate investment vehicle (*see Smith v Chase Manhattan Bank*, 293 AD2d 598, 600 [2002]).

We affirm in all other respects. Dismissal of the Trust's professional malpractice claim against the Fishmans was properly denied, there being issues of fact as to whether, inter alia, the Fishmans provided legal advice to Werner Haase and, if so, whether that advice was intended to benefit the Trust. Neither the Trust nor the insurance companies is entitled to summary judgment on the rescission claims, there being issues of fact as to whether, inter alia, the "right to examine" period was triggered by a delivery of the policies to a trustee, and indeed whether the policies were purchased by a trustee. We note our disagreement with any finding by the IAS court that Mrs. Haase was not a trustee at the time she signed the policy documents and delivery receipts, and reiterate that an issue of facts exists in that regard. We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Buckley, P.J., Nardelli, Andrias, Friedman and Gonzalez, JJ.