■ ELLEN DERISO, Appellant, v SYNERGY USA, Respondent. [773 NYS2d 563]—

Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about March 24, 2003, which, in an action by a health club member against a health club alleging violations of the Health Club Services Law (General Business Law § 620 *et seq.*) and deceptive acts and practices (General Business Law § 349), and seeking return of membership fees and declaratory and injunctive relief, granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

The action was properly dismissed on the ground that the al-

leged violations of the General Business Law did not cause plaintiff any actual loss (General Business Law § 628; § 349 [h]; *see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25, 26 [1995]). Plaintiff does not claim any kind of monetary loss other than payment of her membership fees, does not claim that defendant failed to deliver the services called for in the contract, never sought to cancel the contract, remains a member of defendant's health club and continues to pay defendant's monthly membership fees without objection. Instead, plaintiff claims that the contract violates General Business Law § 624 in failing to provide that it could be canceled without penalty within three days after receipt, or because of plaintiff's death, disability or relocation, or because of defendant's failure to deliver services as provided in the contract, and that such omissions entitle her to return of the membership fees she has already paid. Such claim impermissibly "sets forth deception as both act and injury" (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 56 [1999]). "[A]n act of deception, entirely independent or separate from any injury, is not sufficient to state a cause of action under a theory of fraudulent concealment" (*id.* at 57). Nor are we inclined to grant declaratory relief absent any indication of an actual controversy over plaintiff's rights of cancellation. We have considered plaintiff's other claims and find them to be without merit. Concur—Buckley, P.J., Mazzarelli, Sullivan, Friedman and Gonzalez, JJ.