NICHOLE SOKOLOFF, Appellant, v TOWN SPORTS INTERNATIONAL, INC., et al., Respondents. [778 NYS2d 9]—

Order, Supreme Court, New York County (Charles Ramos, J.), entered March 27, 2003, which, in an action by a health club

member against a health club alleging violations of the Health Club Services Law (General Business Law § 620 *et seq.*) and deceptive acts and practices in violation of General Business Law § 349, and seeking return of membership fees and declaratory and injunctive relief, granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

The court properly dismissed plaintiff's claims based upon the General Business Law since plaintiff suffered no actual injury and therefore lacks standing to pursue her claims (General Business Law §§ 628, 349 [h]; *see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25-26 [1995]). Plaintiff does not claim any kind of monetary loss other than payment of her membership fees, does not claim that defendant failed to deliver the services called for in the contract, never sought to cancel the contract, remains a member of defendant's health club and continues to pay defendant's monthly membership fees without objection. Instead, plaintiff claims that the contract violates General Business Law § 624 by making the initiation fee paid under the contract nonrefundable and violates General Business Law § 623 (3) by limiting defendant's liability for personal injury or property loss, and that such statutory violations entitle her to return of the membership fees she has already paid. Such claim impermissibly "sets forth deception as both act and injury" (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 56 [1999]). "[A]n act of deception, entirely independent or separate from any injury, is not sufficient to state a cause of action under a theory of fraudulent concealment" (*id.* at 57).

Plaintiff's declaratory judgment claim was properly dismissed since there is no justiciable controversy (*see Phoenix Tenants Assn. v 6465 Realty Co.*, 119 AD2d 427, 430-431 [1986]; *see also* CPLR 3001). Plaintiff has not attempted to exercise her cancellation rights, nor has she been prevented from recovering for any personal injury or property loss.

Plaintiff's claims for unjust enrichment and money had and received were properly dismissed since plaintiff bargained for and received the use of the health club (*see Smith v Chase Manhattan Bank, USA*, 293 AD2d 598, 600 [2002]; *cf. Nakamura v Fujii*, 253 AD2d 387, 390 [1998]). Concur—Mazzarelli, J.P., Andrias, Sullivan, Friedman and Marlow, JJ.