**Bernd BILDSTEIN, on behalf of himself and others similarly situated, Plaintiffs,**

v.

**MASTERCARD INTERNATIONAL INCORPORATED, Defendant.**

No. 03 Civ.9826 WHP.

United States District Court, S.D. New York.

July 28, 2004.

Irving Bizar, Ballon, Stoll, Bader & Nadler, New York City, for Plaintiffs.

Jay N. Fastow, Bruce A. Colbath and Theodore Allegaert, Weil, Gotshal & Manges LLP, New York City, for Defendant.

## MEMORANDUM AND ORDER

PAULEY, District Judge.

This putative class action challenges certain foreign currency conversion policies by MasterCard International Incorporated ("MasterCard"). Specifically, Bernd Bildstein ("Bildstein") alleges that MasterCard charges its customers an undisclosed Foreign Currency Transaction Fee ("FCTF") in violation of Section 349 of the N.Y. General Business Law.

Presently before this Court is MasterCard's motion to dismiss the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). MasterCard argues that Bildstein fails to allege the elements of a Section 349 claim. For the reasons set forth below, MasterCard's motion to dismiss is granted.

## BACKGROUND

MasterCard is one of the largest general purpose card networks in the world and is a joint venture or membership association owned and operated by its member banks. (Amended Complaint, dated July 8, 2003 ("Am.Comp.") ¶ 4); *see also In re Currency Conversion Fee Antitrust Litig.*; 265 F.Supp.2d 385, 391 (S.D.N.Y.2003); *United States v. Visa U.S.A., Inc.*, 163 F.Supp.2d 322, 332 (S.D.N.Y.2001). There are approximately 1500 member banks and 13,500 affiliate members in the Master-Card operational network. (Am.Comp. ¶ 3.) They compete with each other to issue MasterCard-branded general purpose cards. (Am.Comp.¶ 3.)

The MasterCard network executes transactions for member banks and affiliates under a set of uniform operating rules. (Am.Comp.¶ 5.) All participating banks must comply with the bylaws, rules, regulations published by MasterCard, including payment of fees, dues and assessments. (Am.Comp.¶ 5.)

MasterCard implemented a policy of imposing a service charge (*i.e.*, FCTF) equal to one percent of the value of transactions made in foreign currencies. (Am.Comp. ¶ 8.) The FCTF was embedded in the currency conversion rate paid by cardholders. (Am.Comp.¶ 10.) While encouraging cardholders to use their MasterCard general purpose card for foreign transactions, Defendant did not disclose the embedded FCTF. (Am.Comp.¶¶ 10–11.) As a result, cardholders "unknowingly paid millions of dollars for the FCTF." (Am.Comp.¶ 13.)

Plaintiff alleges that he has been a MasterCard general purpose card holder since September 1997 and that he used his card in Mexico between 2000 and July 2003 to make purchases in Mexican Pesos. (Am.Comp.¶¶ 1, 13.) According to the Amended Complaint, MasterCard converted the Mexican Peso charges into U.S. Dollars and embedded the FCTF in the conversion rate, without disclosing it. (Am.Comp.¶ 13.)

## DISCUSSION

### I. Motion to Dismiss Standard

On a motion to dismiss pursuant to Rule 12(b)(6), a court typically must accept the material facts alleged in the complaint as

true and construe all reasonable inferences in a plaintiff's favor. *Grandon v. Merrill Lynch & Co.,* 147 F.3d 184, 188 (2d Cir. 1998). A court should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *accord Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995). Dismissal is proper when the plaintiff fails to plead the basic elements of a cause of action. *Corcoran v. New York Power Authority,* 935 F.Supp. 376, 382 (S.D.N.Y.1996) ("The Court can dismiss the claim only if, assuming all facts alleged to be true, plaintiff still fails to plead the basic elements of a cause of action."); *accord Wright v. Giuliani,* No. 99 Civ. 10091(WHP), 2000 WL 777940, at *4 (S.D.N.Y.), *aff'd,* 230 F.3d 543 (2d Cir. 2000). The issue on a motion to dismiss "is not whether plaintiff will ultimately prevail, but whether claimant is entitled to offer evidence to support claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995) (citation omitted).

## II. *N.Y. General Business Law § 349*

Section 349 " 'was designed to protect consumers from various forms of consumer fraud and deception.' " *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.,* 155 F.Supp.2d 1, 25 (S.D.N.Y.2001) (quoting *Smith v. Triad Mfg. Group, Inc.,* 255 A.D.2d 962, 681 N.Y.S.2d 710, 712 (4th Dep't 1998)). Section 349 "declares unlawful 'deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service.' " *Riordan v. Nationwide Mut. Fire Ins. Co.,* 977 F.2d 47, 51 (2d Cir.1992) (internal brackets omitted) (*quoting* General Business Law § 349(a)); *accord Highlands Ins. Co. v. PRG Brokerage, Inc.,* No. 01 Civ. 2272(GBD), 2004 WL 35439, at *9

(S.D.N.Y. Jan. 6, 2004); *Kforce, Inc. v. Alden Personnel, Inc.,* 288 F.Supp.2d 513, 518 (S.D.N.Y.2003). The statute provides a private right of action to any person injured by a business' deceptive act or practice. *Riordan,* 977 F.2d at 51 (citing General Business Law § 349(h)); *accord Am. Med. Ass'n v. United Healthcare Corp.,* No. 00 Civ. 2800(LMM)(GWG), 2003 WL 22004877, at *6 (S.D.N.Y. Aug. 22, 2003); *Gucci Am., Inc. v. Duty Free Apparel, Ltd.,* 277 F.Supp.2d 269, 272 (S.D.N.Y.2003).

"A plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chem. Bank,* 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 731 N.E.2d 608 (2000) (citations omitted); *accord Maurizio v. Goldsmith,* 230 F.3d 518, 521–22 (2d Cir.2000); *Lava Trading Inc. v. Hartford Fire Ins. Co.,* No. 03 Civ. 7037(PKC), 2004 WL 555723, at *3 (S.D.N.Y. March 19, 2004); *Smith v. Chase Manhattan Bank, USA, N.A.,* 293 A.D.2d 598, 741 N.Y.S.2d 100, 102 (2d Dep't 2002). "In addition, a plaintiff must prove 'actual' injury to recover under the statute, though not necessarily pecuniary harm." *Stutman,* 95 N.Y.2d at 29, 709 N.Y.S.2d 892, 731 N.E.2d 608.

MasterCard contends that Bildstein fails to plead the elements of Section 349, because he does not allege facts establishing materiality, actual injury, consumer-oriented conduct, or actionable deception by MasterCard.

### A. *Materiality*

MasterCard argues that Bildstein has not pleaded materiality because he does not allege that "if fully informed of the

claimed 'fee,' he could have and would have sought out a different and less costly means of making his alleged foreign currency purchases." (Defendant's Memorandum in Support of its Motion to Dismiss ("Def.Mem.") at 5.) While his opposition papers were silent on this subject, at argument, Bildstein explained that his sole material injury was payment of the FCTF. (Transcript of Oral Argument, dated June 17, 2004 ("Tr.") at 11.)

Section 349 does not define materiality. However, it is modeled after Section 5 of the Federal Trade Commission Act ("FTCA"). *See Sports Traveler, Inc. v. Advance Magazine Publishers, Inc.,* No. 96 Civ. 5150(JFK), 1997 WL 137443, at *2 (S.D.N.Y. March 24, 1997) ("Because section 349 is modelled [sic] after the Federal Trade Commission Act, federal courts have interpreted the statute's scope as limited to the types of offenses to the public interest that would trigger Federal Trade Commission intervention under 15 U.S.C. § 45."); *see also Wells Fargo Bank Northwest, N.A. v. Taca Intern. Airlines, S.A.,* 247 F.Supp.2d 352, 371 n. 21 (S.D.N.Y. 2002) ("Section 349(h) is modeled primarily on the Federal Trade Commission Act."). Section 5 of the FTCA prohibits unfair and deceptive acts affecting commerce. *See FTC v. P.M.C.S., Inc.,* 21 F.Supp.2d 187, 190 (E.D.N.Y.1998). Therefore, this Court evaluates the materiality prong by examining the case law interpreting Section 5 of the FTCA.

■ "[A] material claim is one that 'involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product.'" *Novartis Corp. v. F.T.C.,* 223 F.3d 783, 787 (D.C.Cir.2000) (quoting *In re Cliffdale Assocs., Inc.,* 103 F.T.C. 110, 165 (1984)); *accord Kraft, Inc. v. F.T.C.,* 970 F.2d 311, 322 (7th Cir.1992); *F.T.C. v. 1263523 Ontario, Inc.,* 205 F.Supp.2d 205,

212 (S.D.N.Y.2002); *F.T.C. v. Five–Star Auto Club, Inc.,* 97 F.Supp.2d 502, 529 (S.D.N.Y.2000). "The burden is on plaintiffs to show 'materially deceptive conduct' on which they relied to their detriment." *Stutman et al. v. Chem. Bank,* 260 A.D.2d 272, 273, 690 N.Y.S.2d 8 (1st Dep't 1999). To survive a motion to dismiss, Bildstein must allege that information regarding FCTF would have affected MasterCard holders' choice of credit cards.

■ The Amended Complaint does not contain any allegations concerning the effect disclosure of the FCTF would have had on the Bildstein. For example, Bildstein does not allege that disclosure of the FCTF would have caused him to select a different credit card. Indeed, the Amended Complaint does not even plead that MasterCard's concealment of its FCTF was a material omission. Instead, it asserts in conclusory fashion that "Defendant's concealment of its FCTF violated § 349 of the General Business Law in that it never disclosed to its customers the existence of such conversion rate." (Am. Compl.¶ 15). Because Bildstein's Amended Complaint contains no allegation regarding materiality, it is insufficient to state a claim under Section 349. *See Moses v. Citicorp Mortg. Inc.,* 982 F.Supp. 897, 903 (E.D.N.Y.1997) ("Conclusory allegations have been held to be insufficient to state a claim under section 349."); *see also Altschuler v. Univ. of Pennsylvania Law Sch.,* No. 95 Civ. 249(LLS), 1997 WL 129394, at *10 (S.D.N.Y. Mar. 21, 1997) ("Conclusory allegations will not survive a motion to dismiss for failure to state a claim.") (quotations omitted).

### B. *Actual Injury*

■ Assuming *arguendo* that Bildstein alleged materiality, his claim would still fail because he has not adequately plead actual injury. MasterCard claims that be-

cause Bildstein "has failed to allege that the claimed deception caused him to pay more in making his foreign currency purchases than he otherwise would have paid, the Court should dismiss the [Amended] Complaint for failure to allege 'actual' causal injury." (Def. Mem. at 8.) Bildstein counters that he sustained actual injury when he paid the FCTF unknowingly. (Plaintiff's Memorandum in Opposition to the Motion to Dismiss ("Opp.Mem.") at 8).[1] In other words, Bildstein avers that his payment of the FCTF is, itself, the actual injury. (Tr. at 11.)

To state a claim under Section 349, Plaintiff must plead facts establishing actual injury by the alleged deceptive act:

> To state a claim under the statute, a plaintiff must allege that the defendant has engaged "in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof."

*Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 55, 698 N.Y.S.2d 615, 720 N.E.2d 892 (1999) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 647 N.E.2d 741 (1995)); *see also Stutman*, 95 N.Y.2d at 29, 709 N.Y.S.2d 892, 731 N.E.2d 608 ("[A] plaintiff must prove 'actual' injury to recover under the statute, though not necessarily pecuniary harm."); *Goshen v. Mutual Life Ins. Co. of New York*, 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190 (2002) (finding that "origin of any . . . conduct is irrelevant if the deception itself . . . did

not result in a transaction in which the consumer was harmed"). Thus, Bildstein must plead facts showing actual injury, not merely the alleged deceptive act. *See Small*, 94 N.Y.2d at 56, 698 N.Y.S.2d 615, 720 N.E.2d 892 (finding that mere allegation of deception was insufficient to establish actual injury); *accord Sokoloff v. Town Sports Int'l Inc.*, 6 A.D.3d 185, 778 N.Y.S.2d 9, 10–11 (1st Dep't 2004).

■ Bildstein alleges that his injury is the fact that he paid the deceptive FCTF. (Opp. Mem. at 8; Tr. at 11.) It is well established, however, that the claimed deception cannot itself be the only injury. *Small*, 94 N.Y.2d at 56, 698 N.Y.S.2d 615, 720 N.E.2d 892 (finding no violation of Section 349 where there was no actual harm besides the alleged deceptive act); *accord Sokoloff*, 778 N.Y.S.2d at 11; *DeRiso v. Synergy USA*, 6 A.D.3d 152, 773 N.Y.S.2d 563, 563 (1st Dep't 2004). In *Small*, the New York Court of Appeals upheld dismissal for failure to plead actual injury, where plaintiffs alleged that defendants employed deceptive practices to sell cigarettes, and sought recoupment of the purchase price. 94 N.Y.2d at 51, 56, 698 N.Y.S.2d 615, 720 N.E.2d 892. The New York Court of Appeals held:

> [Plaintiffs] posit that consumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices, have suffered an injury under General Business Law § 349. We disagree.
>
> Plaintiffs' definition of injury is legally flawed. Their theory contains no manifestation of either pecuniary or "actual"

---

1. To buttress his argument, Bildstein cites to *Schwartz v. Visa Int'l Corp.*, No. 822404–4, 2003 WL 1870370 (Cal. Superior April 7, 2003). (Opp. Mem. at 7, 9.) He argues that *Schwartz* applied a California statute which is equivalent to Section 349. (Opp. Mem. at 7; Tr. at 11–12.) He posits that because MasterCard lost the *Schwartz* case, its motion to dismiss this action should be denied. (Opp.

Mem. at 7, 9–10.) However, *Schwartz* lacks precedential value because the matter is on appeal. *See Kramer v. Showa Denko KK*, 929 F.Supp. 733, 750 (S.D.N.Y.1996) (" 'California law is settled that pending appeal a trial court judgment is not final' for issue-preclusion purposes.") (quoting *Sandoval v. Superior Court*, 140 Cal.App.3d 932, 936, 190 Cal.Rptr. 29 (1983)).

harm; plaintiffs do not allege that the cost of cigarettes was affected by the alleged misrepresentation, nor do they seek recovery for injury to their health as a result of their ensuing addiction. Indeed, they chose expressly to confine the relief sought solely to monetary recoupment of the purchase price of the cigarettes. Plaintiffs' cause of action ... thus sets forth deception as both act and injury.

*Small,* 94 N.Y.2d at 56, 698 N.Y.S.2d 615, 720 N.E.2d 892 (internal citations omitted). Similarly, in a very recent case, the First Department upheld dismissal of a case where plaintiff sued her health club for deception, because she did "not claim any kind of monetary loss other than payment of her membership fees, d[id] not claim that defendant failed to deliver the services called for in the contract, never sought to cancel the contract, remain[ed] a member of defendant's health club and continue[d] to pay defendant's monthly membership fees without objection." *Sokoloff,* 6 A.D.3d 185, 778 N.Y.S.2d 9, 10.[2]

Bildstein acknowledges that the FCTF was a service fee charged by MasterCard in exchange "for converting transactions [in foreign currency] into American dollars." (Am.Compl.¶ 8.) The Amended Complaint is bereft of any allegation that MasterCard failed to deliver the service Bildstein paid for (*i.e.,* Plaintiff was unable to make purchases in Mexican Pesos), or that MasterCard charged an inflated FCTF. Such allegations would have been sufficient to state a claim under Section 349. *Small,* 94 N.Y.2d at 56 n. 5, 698 N.Y.S.2d 615, 720 N.E.2d 892. But here, Bildstein does not dispute that he received the services he paid for in that he was able to use his MasterCard in Mexico. (Am. Compl.¶ 13.) Therefore, this Court finds that Bildstein has failed to allege facts establishing actual injury.

In view of this Court's conclusion that the Amended Complaint fails to plead materiality or actual injury, MasterCard's arguments regarding consumer-oriented conduct and actionable deception by MasterCard need not be addressed.

## CONCLUSION

For the reasons set forth above, MasterCard's motion to dismiss is granted without prejudice and with leave to replead within thirty (30) days.

SO ORDERED.

---

2. Plaintiff insists that this Court should reject MasterCard's actual injury argument because under *Stutman,* 95 N.Y.2d 24, 709 N.Y.S.2d 892, 731 N.E.2d 608, he need not show an injury separate and apart from the alleged deception. (Tr. at 11; Opp. Mem. at 4–5.) Plaintiff misreads *Stutman,* however, as that case expressly required an actual loss. *See Stutman,* 95 N.Y.2d at 30, 709 N.Y.S.2d 892, 731 N.E.2d 608 ("Here, plaintiffs allege that because of defendant's deceptive act, they were forced to pay [an additional] $ 275 [attorneys'] fee that they had been led to believe was not required. In other words, plaintiffs allege that defendant's material deception caused them to suffer a $275 loss. This allegation satisfies the causation requirement."). Thus, in *Stutman,* the actual loss alleged was separate from the alleged deceptive act.