PETER DONAHUE et al., Appellants, v FEROLITO, VULTAGGIO & SONS et al., Respondents. [786 NYS2d 153]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered October 7, 2003, as subsequently corrected on November 20, 2003, insofar as it denied plaintiffs' motion for a preliminary injunction against continued sale of certain bottled soft drinks sold and distributed in New York and granted defendants' motion to dismiss the complaint to the extent it sought class action relief, unanimously affirmed, without costs; appeal from that part of the order denying defendants' motion to dismiss the prayer for injunctive relief unanimously dismissed as superseded by the appeal from the subsequent order, without costs. Order, same court and Justice, entered February 18, 2004, which, to the extent appealable, granted defendants' motion for reargument and dismissed the remaining claim for injunctive relief, unanimously affirmed, without costs.

The motion court correctly dismissed the claims under General Business Law §§ 349 and 350. Plaintiffs, who purchased and drank the five beverages in question (herbal iced teas and fruit punch), failed to establish any actual damages resulting from defendants' alleged deceptive practices and false advertising on the labels (see Stutman v Chemical Bank, 95 NY2d 24, 29 [2000]; St. Patrick's Home for Aged & Infirm v Laticrete Intl., 264 AD2d 652, 655 [1999]). They contend the deceptive labels, which purportedly promised that consumption of the product would improve memory, reduce stress and improve overall health, caused them to spend money but receive no health benefits in return. They never alleged, however, that the cost of the beverages was inflated by these misrepresentations or that their health was adversely affected by drinking the beverages. Thus, they have impermissibly set up the deception as both act and injury, a theory specifically rejected by our courts (see Small v Lorillard Tobacco Co., 94 NY2d 43, 56 [1999]; DeRiso v Synergy USA, 6 AD3d 152 [2004], lv denied 3 NY3d 610 [2004]).

The motion court also correctly dismissed plaintiffs' fraud claims on the ground of failure to demonstrate justifiable reliance on misrepresentation, in light of the type of product involved and the express disclaimer on each label, which refuted the allegation of any promise of a health benefit. Additionally, plaintiffs failed to allege a cognizable injury (see Small v Lorillard Tobacco Co., supra, 94 NY2d at 57).

With regard to the claim for breach of express warranty, the labels contained no affirmation of fact or promise by defendants that the beverages offered any health benefits whatsoever (UCC 2-313 [1] [a]; *see Schimmenti v Ply Gem Indus.*, 156 AD2d 658, 659 [1989]). The claim for breach of implied warranty was also properly dismissed on the ground that these merchantable beverages caused no ill effects and were fit for their intended purpose, namely, liquid refreshment (UCC 2-314, 2-315; *see Horowitz v Sears, Roebuck & Co.*, 137 AD2d 492 [1988], *lv denied* 72 NY2d 803 [1988]). Furthermore, plaintiffs did not plead any privity of contract with defendants, nor did they demonstrate any personal injuries resulting from consuming these beverages (*see Pronti v DML of Elmira*, 103 AD2d 916, 917 [1984]).

The court properly granted defendants' motion for reargument based on the court's conceded misapprehension of the resolution of a California case involving defendant Hornell. Concur—Tom, J.P., Andrias, Saxe, Williams and Sweeny, JJ.