■ NICOLE BALLAS, Appellant, v VIRGIN MEDIA, INC., et al., Respondents. [875 NYS2d 523]—

In a putative class action, inter alia, for injunctive and declaratory relief and to recover damages for breach of contract and violation of General Business Law §§ 349 and 350, the plaintiff appeals from an order of the Supreme Court, Nassau County (Austin, J.), entered December 11, 2007, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action alleging, inter alia, breach of contract and violation of General Business Law §§ 349 and 350 with respect to "pay-as-you-go" cellular phone services. Specifically, the plaintiff alleged, among other things, that the defendants failed to disclose on the packaging of its cellular phone, or did not otherwise properly disclose, either the requirement that subscribers to its phone services periodically "top up" their accounts by paying additional sums of money to the defendants to increase the available balances on those accounts, or the consequences of failing to "top up." The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court granted the motion, and we affirm.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit

of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Smith v Meridian Tech., Inc.*, 52 AD3d 685, 686 [2008]). "On a motion to dismiss based upon documentary evidence, dismissal is only warranted if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Klein v Gutman*, 12 AD3d 417, 418 [2004]; *see* CPLR 3211 [a] [1]).

Inasmuch as no contract was formed until subscribers chose a particular service plan and activated their phones, the defendants' failure to disclose the "topping up" requirements on the exterior packaging of the phone itself does not support a cause of action alleging breach of contract (*cf. Brower v Gateway 2000*, 246 AD2d 246, 251 [1998]). Furthermore, the documentary evidence submitted by the defendants conclusively established that the "topping up" requirements were disclosed before the contract was entered into and subscribers had the option of selecting a plan that did not impose a "top up" requirement. Consequently, the Supreme Court properly dismissed the cause of action sounding in breach of contract.

The court also properly dismissed the plaintiff's claims alleging violations of General Business Law §§ 349 and 350. The documentary evidence established that the statements which the plaintiff claims to have constituted "false advertising" were not "deceptive or misleading in a material way" (*Andre Strishak & Assoc. v Hewlett Packard Co.*, 300 AD2d 608, 609 [2002]), and that the allegedly deceptive business practices were not "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 26 [1995]). In any event, the plaintiff failed to allege that she suffered injury as a result of the allegedly deceptive business practices or false advertising (*see Lonner v Simon Prop. Group, Inc.*, 57 AD3d 100 [2008]; *Vigiletti v Sears, Roebuck & Co.*, 42 AD3d 497 [2007]; *Smith v Chase Manhattan Bank, USA*, 293 AD2d 598, 599 [2002]; *see also Donahue v Ferolito, Vultaggio & Sons*, 13 AD3d 77, 78 [2004]; *DeRiso v Synergy USA*, 6 AD3d 152, 152-153 [2004]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Covello, Angiolillo and Dickerson, JJ., concur. [*See* 18 Misc 3d 1106(A), 2007 NY Slip Op 52441(U).]