■ YELLOW BOOK SALES AND DISTRIBUTION CO., INC., Respondent, v HILLSIDE VAN LINES, INC., et al., Appellants. [950 NYS2d 151]—

In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), dated July 28, 2011, which granted the plaintiff's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the counterclaims of the defendant Hillside Van Lines, Inc.

Ordered the appeal by the defendant Frank Policano is dismissed, as he is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed on the appeal by the defendant Hillside Van Lines, Inc.; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In this action to recover damages for breach of contract for advertising services, the defendant Hillside Van Lines, Inc. (hereinafter Hillside), asserted two counterclaims, the first al-

leging fraud, and the second alleging violations of General Business Law §§ 349 and 350 based on alleged misrepresentations made by the plaintiff during contract negotiations.

In determining a motion to dismiss a counterclaim pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged as true, accord the claimant the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Uzzle v Nunzie Ct. Homeowners Assn., Inc.*, 70 AD3d 928, 929-930 [2010]; *Ballas v Virgin Media, Inc.*, 60 AD3d 712, 712-713 [2009]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]). On a motion to dismiss a counterclaim based upon documentary evidence pursuant to CPLR 3211 (a) (1), dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the counterclaim as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d at 88; *Ballas v Virgin Media, Inc.*, 60 AD3d at 713; *Klein v Gutman*, 12 AD3d 417, 418 [2004]).

Hillside's first counterclaim alleged, in effect, that the plaintiff procured the subject written agreements through fraudulent inducement. While a general merger clause is ineffective to exclude parol evidence of fraud, a specific disclaimer will defeat any allegation that a contract was executed in reliance upon contrary oral representations (*see Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321 [1959]; *DiBuono v Abbey, LLC*, 95 AD3d 1062 [2012]; *McGowan v Winant Place Assoc.*, 270 AD2d 466, 467 [2000]; *Busch v Mastropierro*, 258 AD2d 492, 493 [1999]). Here, documentary evidence conclusively established the plaintiff's defense to Hillside's first counterclaim, since that counterclaim, which alleged fraud, was barred by the specific disclaimer provisions contained in the parties' agreements (*see Danann Realty Corp. v Harris*, 5 NY2d at 320-321; *DiBuono v Abbey, LLC*, 95 AD3d 1062 [2012]; *Laxer v Edelman*, 75 AD3d 584, 586 [2010]; *Fitzgerald v Hudson Natl. Golf Club*, 11 AD3d 426, 428 [2004]; *Capstone Enters. of Port Chester v County of Westchester*, 262 AD2d 343 [1999]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (1) to dismiss Hillside's first counterclaim.

To successfully assert a claim under General Business Law § 349 or § 350, a party must allege that its adversary has engaged in consumer-oriented conduct that is materially misleading, and that the party suffered injury as a result of the

allegedly deceptive act or practice (*see Koch v Acker, Merrall & Condit Co.*, 18 NY3d 940, 941 [2012]). General Business Law article 22-A, entitled "Consumer Protection from Deceptive Acts and Practices," and which includes General Business Law §§ 349 and 350, is addressed to practices which have a broad impact on consumers at large. Accordingly, private contractual disputes which are unique to the parties do not fall within the ambit of the statute (*see Canario v Gunn*, 300 AD2d 332, 333 [2002]; *see also Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]). Here, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (7) to dismiss Hillside's second counterclaim, which alleged violations of General Business Law §§ 349 and 350, since the alleged misrepresentations arising out of the agreement between the plaintiff and Hillside had no impact on consumers or the public at large (*see Canario v Gunn*, 300 AD2d at 333; *see also Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 25).

Hillside's remaining contentions are without merit. Rivera, J.P., Eng, Lott and Miller, JJ., concur.