Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc. (2019 NY Slip Op 03442)





Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc.


2019 NY Slip Op 03442


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Acosta, P.J., Friedman, Manzanet-Daniels, Gesmer, Singh, JJ.


9198 650932/17

[*1]Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP, et al., Plaintiffs-Appellants,
v
Matthew Bender & Company, Inc., a Member of LexisNexis Group, Inc., Defendant-Respondent.


Fishmanlaw, PC, New York (James B. Fishman of counsel), and Anderson Kill, PC, New York (Jeffrey E. Glen of counsel), for appellants.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Anthony J. Dreyer of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 20, 2018, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a), unanimously affirmed, without costs.
Plaintiffs allege that defendant Matthew Bender & Company Inc.'s New York Landlord-Tenant Law, commonly known as the Tanbook, is "rife with inaccuracies and omissions," at least with respect to rent-regulated housing in New York City. The Tanbook is a compilation of statutes, regulations, and editorial contents such as summaries and commentaries, addressing New York rent regulation and landlord-tenant law. Plaintiffs allege that there have been such inaccuracies and omissions in annual editions of the Tanbook for at least six years preceding 2017.
The breach of express warranty claim, based on the representations defendant made about the content of the Tanbook in the book's "Overview" and on websites on which the book was sold, was correctly dismissed because the Terms and Conditions pursuant to which defendant sold the Tanbook to plaintiffs contain a merger clause and a disclaimer of warranties, which states, in bold type, "We do not warrant the accuracy, reliability or currentness of the materials contained in the publications" (see Uniform Commercial Code [UCC] § 2-202; Potsdam Cent. Schools v Honeywell, Inc., 120 AD2d 798, 800 [3d Dept 1986]). Contrary to plaintiffs' contention, this is a specific, not a general, disclaimer. In addition, the complaint fails to allege that plaintiffs relied on the statements that they contend constitute an express warranty (see CBS Inc. v Ziff-Davis Publ. Co., 75 NY2d 496, 503 [1990]; see also Murrin v Ford Motor Co., 303 AD2d 475, 477 [2d Dept 2003] [the plaintiff failed to allege that he even was aware of the advertisements he claimed formed an express warranty]). Although this defect was cured with respect to plaintiff law firm by Samuel J. Himmelstein's affidavit in opposition (see Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]), it was not cured with respect to the other plaintiffs.
The disclaimer of warranties also precludes the claim for breach of the implied covenant of good faith and fair dealing (see Peter R. Friedman, Ltd. v Tishman Speyer Hudson L.P., 107 AD3d 569, 570 [1st Dept 2013]), which in any event is duplicative of the breach of contract claim (Apogee Handcraft, Inc. v Verragio, Ltd., 155 AD3d 494, 495-496 [1st Dept 2017], lv denied 31 NY3d 903 [2018]; Shilkoff, Inc. v 885 Third Ave. Corp., 299 AD2d 253 [1st Dept 2002]). In addition, plaintiffs identified no contractual provisions that required defendant to update the 2016 edition of the book, notify publishers of errors in it, or issue the 2017 edition sooner that it did.
The GBL § 349 claim was correctly dismissed because the only injury alleged to have [*2]resulted from defendant's allegedly deceptive business practices is the amount that plaintiffs paid for the book, which does not constitute an injury cognizable under the statute (see Small v Lorillard Tobacco Co., 94 NY2d 43, 56 [1999]; Donahue v Ferolito, Vultaggio & Sons, 13 AD3d 77, 78 [1st Dept 2004], lv denied 4 NY3d 706 [2005]; Rice v Penguin Putnam, 289 AD2d 318 [2d Dept 2001], lv dismissed in part, denied in part 98 NY2d 635 [2002]). In addition, the complaint fails to allege that the individual plaintiff and plaintiff Housing Court Answers, Inc. ever saw the allegedly deceptive representations that purportedly harmed them (see Gale v International Bus. Machines Corp., 9 AD3d 446, 447 [2d Dept 2004]).
We do not reach plaintiffs' argument, raised for the first time in their appellate reply brief, that defendant's representations as to the contents of the book constitute a fraud (see Mehmet v Add2Net, Inc., 66 AD3d 437, 438 [1st Dept 2009]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK