■ KSENIA BENJAMINOV, Appellant, v REPUBLIC INSURANCE GROUP, Respondent. [660 NYS2d 148] —In an action to recover the proceeds of a fire insurance policy, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated April 24, 1996, as denied her motion for summary judgment and granted the defendant's cross motion to dismiss the plaintiff's third cause of action under General Business Law § 349.

Ordered that the order is affirmed insofar as appealed from, with costs.

A single-family house, owned but not inhabited by the plaintiff, burned down on October 12, 1994, concededly as a result of arson. When the defendant insurer refused to pay the plaintiff the $229,000 proceeds of her fire insurance policy, the plaintiff sued, and added to her complaint a cause of action under General Business Law § 349, alleging that the defendant routinely engaged in "deceptive and misleading" practices in that it "ma[de] a practice of not paying claims in good faith and with reasonable diligence". Thereafter, the plaintiff moved, *inter alia,* for summary judgment and the defendant cross-moved to dismiss the plaintiff's General Business Law § 349 cause of action. The court denied the plaintiff's motion, *inter*

*alia,* for summary judgment, and granted the defendant's cross motion. We affirm.

In an action to recover the proceeds of a fire insurance policy where arson is raised as a defense, triable issues of fact will be found to exist where "[t]he evidence indicates that plaintiffs' premises *may* have been damaged by arson and that plaintiffs *may* have had a motive to see their property destroyed by fire" *(V. F. V. Constr. Co. v Aetna Ins. Co.,* 56 AD2d 598 [emphasis supplied]; *see also, R.C.S. Farmers Mkts. Corp. v Great Am. Ins. Co.,* 56 NY2d 918; *Kahan Indus. v United Pac. Ins. Co.,* 131 AD2d 546; *Kurrus v CNA Ins. Co.,* 115 AD2d 593; *Phaneuf v North Country Co-op. Ins. Co.,* 91 AD2d 1122; *Anderson v General Acc. Fire & Life Assur. Corp.,* 58 AD2d 568). Here, the plaintiff does not dispute that the subject property was destroyed by arson. Moreover, the evidence that the plaintiff had an economic motive to set fire to her property is strong. For example, the plaintiff's efforts to renovate the premises after her tenants had moved out were thwarted by her contractor's failure to obtain the necessary permits, as well as by the City's imposition of fines, citations, and directions to "stop all work". In addition, the finances of the plaintiff and her husband were precarious at best, as their income tax returns reflected expenses greatly exceeding their income.

Finally, the plaintiff may not maintain a cause of action under General Business Law § 349 where, as here, she has failed to identify any "material" " 'deceptive acts' " engaged in by the defendant *(see, e.g., Varela v Investors Ins. Holding Corp.,* 81 NY2d 958, 961; *see also, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20). Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.