■ CLIFFORD A. WALTS, on Behalf of Himself and Others Similarly Situated, Respondent-Appellant, v FIRST UNION MORTGAGE CORPORATION et al., Appellants-Respondents. FRANCIS E. BAUER et al., Respondents-Appellants, v MELLON MORTGAGE COMPANY et al., Appellants-Respondents. [686 NYS2d 428] —Orders, Supreme Court, New York County (Barry Cozier, J.), entered June 17 and 30, 1998, which dismissed plaintiffs' claims against Mellon Mortgage Company (Mellon) and First Union Mortgage Corporation (First Union) for breach of fiduciary duty, against defendant GE Mortgage Insurance Corporation (Gemico) for violations of General Business Law § 349 and tortious interference with contractual relations, and against First Union and Gemico for violations of Insurance Law § 6503, and otherwise denied defendants' motions to dismiss and for summary judgment, unanimously modified, on the law, to dismiss the claims against all defendants for money had and received, and otherwise affirmed, without costs.

The IAS Court correctly ruled that no private right of action exists under Insurance Law § 6503 (d), which prohibits requiring a mortgage borrower to make private mortgage insurance (PMI) premium payments once the principal amount of the loan drops below 75% of the appraised value of the property, since the legislative scheme provides for enforcement by the Superintendent of Insurance (*see, e.g.*, Insurance Law § 109 [c], [d]; §§ 1104, 6508; *see generally, Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 614-615).

Plaintiffs' claims for money had and received are mere attempts at "artful pleading" to circumvent this bar against private actions, and are therefore dismissed (*see, Whitehall*

*Tenants Corp. v Estate of Olnick*, 213 AD2d 200, *lv denied* 86 NY2d 704).

Plaintiffs have, at least at the pleading stage, established that their mortgage contracts incorporated the terms of Insurance Law § 6503, and that defendants Mellon and First Union, their loan servicers, violated those agreements by compelling payment of PMI premiums in contravention of such terms.

Claims for deceptive business acts and practices under General Business Law § 349 are allowed "whether or not subject to any other law of this state" (General Business Law § 349 [g]), and, in any event, plaintiffs' causes of action under that statute assert additional elements beyond Insurance Law § 6503 (*see, Ansonia Tenants' Coalition v Ansonia Assocs.*, 151 Misc 2d 213, 215, *affd* 179 AD2d 594). Plaintiffs have adequately alleged a materially deceptive practice aimed at consumers in that Mellon and First Union continued to bill them for PMI premiums, thereby inducing them to believe that they were required to pay them, even after plaintiffs' principal balance dropped below the 75% ratio set forth in Insurance Law § 6503. However, plaintiffs have not alleged any misrepresentation by Gemico, and indeed, Gemico's affidavits establish that it did not have any contact with plaintiffs, but merely billed and collected from the loan servicers, to whom the insurance was actually issued.

The relationship between plaintiffs and Mellon and First Union was merely one of debtor and creditor, and therefore did not create a fiduciary relationship (*see, Bank Leumi Trust Co. v Block 3102 Corp.*, 180 AD2d 588, 589, *lv denied* 80 NY2d 754). Plaintiffs did not raise any issues of material fact (or even make any allegations) to defeat Gemico's showing that it billed Mellon and First Union for PMI premiums out of economic justification and not malice, and thus the IAS Court properly dismissed the claims against Gemico for tortious interference with contractual relations (*see, Foster v Churchill*, 87 NY2d 744, 749-750). Concur—Sullivan, J. P., Williams, Andrias and Saxe, JJ.