■ In the Matter of MICHAEL CARRUBE et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [738 NYS2d 67] —In a proceeding pursuant to CPLR article 78, inter alia, to prohibit the respondent, New York City Transit Authority, from conducting a "job pick," the petitioners appeal from a judgment of the Supreme Court, Kings County (Hall, J.), dated March 22, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioners' contention, there is no implied private right of action for alleged violations of Labor Law §§ 162 and 166. When statutes are silent on whether a private right of action exists the court must determine if such a right may be fairly implied *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 325). A three-prong test is applied to determine whether an implied private right of action exists: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme" *(Sheehy v Big Flats Community Day,* 73 NY2d 629, 633). With regard to the third prong of the test, if a provision or body of law has a potent official enforcement mechanism, the Legislature contemplated administrative enforcement and there is no private right of action *(see, Uhr v Greenbush Cent. School Dist.,* 94 NY2d 32; *see also, Negrin v Norwest Mtge.,* 263 AD2d 39). Here, a review of the applicable statutory provisions reveals a legislative scheme whereby the Commissioner of Labor shall enforce and regulate Labor Law §§ 162 and 166 *(see,* Labor Law § 21). Accordingly, the Supreme Court properly dismissed this proceeding pursuant to CPLR article 78.

The petitioners' remaining contention is without merit. Altman, J.P., Smith, S. Miller and Cozier, JJ., concur.