■ JAMES HAN, Appellant, v HERTZ CORPORATION, Respondent. [784 NYS2d 106]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered August 27, 2003, dismissing the complaint, and bringing up for review an order, same court and Justice, entered July 29, 2003, which granted defendant's motion for summary judgment, and denying plaintiff's motion for class certification, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

This putative class action sought a declaration that defendant's rental contracts from July 29, 1996 through July 29, 2002 were void for failure to abide by the disclosure requirements of former General Business Law § 396-z, relating to the customer's liability for damage to a rental car. Plaintiff also sought to recover all monies paid under the allegedly void contracts by claims of unjust enrichment, money had and received, and violation of General Business Law § 349.

It is undisputed that plaintiff does not possess a private right of action under section 396-z. His quasi-contract claim is admittedly dependent on the allegation that defendant's form contract was automatically voided by section 396-z (10). Thus, other than rephrasing a claim under section 396-z, plaintiff does not allege any actionable wrongs independent of the requirements of the statute. Since no private right of action exists, the claims for money had and received and unjust enrichment were properly dismissed as an effort to circumvent the legislative preclusion of private lawsuits for violation of the statute (*see Walts v First Union Mtge. Corp.*, 259 AD2d 322 [1999], *lv dismissed and denied* 94 NY2d 795 [1999]).

As to plaintiff's section 349 claim, proof that a material deceptive act or practice caused actual—albeit not necessarily pecuniary—harm is required to impose compensatory damages (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25-26 [1995]). Plaintiff has not sufficiently alleged that he sustained any actual harm from defendant's alleged failure to disclose, as required by section 396-z. He was never charged for damage to the cars he rented from defendant. Nor

does he show how the value of his contracts was otherwise diminished by the alleged failure to abide by the disclosure requirements of section 396-z. Thus, his claim impermissibly sets forth deception as both act and injury (*see Sokoloff v Town Sports Intl.*, 6 AD3d 185 [2004]).

We have considered plaintiff's other arguments and find them unpersuasive. Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Sweeny, JJ.