■ MICAH GOLDBERG et al., Appellants, v ENTERPRISE RENT-A-CAR COMPANY et al., Respondents. [789 NYS2d 114]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered September 24, 2003, dismissing the complaint, and bringing up for review an order, same court and Justice, entered September 10, 2003, which denied class action certification and granted defendants' cross motion for summary judgment, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs' claims in quasi-contract, based on alleged violations of former section 396-z of the General Business Law, were properly dismissed. That law provided the Attorney General with broad enforcement powers (§ 396-z [12] [b], [c], [d]). A private cause of action may not be fairly implied where the Legislature has provided "a potent official enforcement mechanism" (*Matter of Carrube v New York City Tr. Auth.*, 291 AD2d 558 [2002]; *see also Uhr v Greenbush Cent. School Dist.*, 94 NY2d 32 [1999]). Plaintiffs' claims for restitution were properly dismissed as an effort to circumvent the legislative preclusion of private lawsuits for violation of this statute (*see Han v Hertz Corp.*, 12 AD3d 195 [2004]).

The claims alleging violations of General Business Law § 349 were properly dismissed inasmuch as plaintiffs did not allege any actual harm from defendants' failure to disclose, as required by former section 396-z (*see Han v Hertz Corp., supra*; *Grossman v MatchNet plc*, 10 AD3d 577 [2004]; *Sokoloff v Town Sports Intl.*, 6 AD3d 185 [2004]; *DeRiso v Synergy USA*, 6 AD3d

152 [2004], *lv denied* 3 NY3d 610 [2004]). Plaintiffs do not allege they were charged for any damage to the rented vehicles, they made no claims on the optional insurance policies they purchased, and their security deposits were fully refunded. There is no allegation that they received less than they bargained for under the contracts.

The complaint was properly dismissed as against defendant Enterprise, which does not own or rent vehicles in New York and was not a party to the rental agreements at issue (*see Soule v Norton*, 299 AD2d 827, 828-829 [2002]; *Walts v First Union Mtge. Corp.*, 259 AD2d 322 [1999], *lv dismissed* 94 NY2d 795 [1999]). We have considered plaintiffs' other arguments and find them unavailing. Concur—Buckley, P.J., Tom, Andrias, Marlow and Ellerin, JJ.