■ WILLIAM TEPPER et al., Appellants, v CABLEVISION SYSTEMS CORPORATION et al., Respondents. [797 NYS2d 131]—

In an action, inter alia, to recover damages for violation of Public Service Law §§ 224-a and 226, and General Business Law § 349, for breach of certain franchise agreements and contracts, and for unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered March 11, 2004, which granted the defendants' cross motion for summary judgment dismissing the complaint and denied, as academic, their motion for class action certification.

Ordered that the order is affirmed, with costs.

On their cross motion for summary judgment, the defendants met their burden of establishing their entitlement to judgment as a matter of law on each of the causes of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Indeed, the defendants established that the plaintiffs did not have a private right of action under Public Service Law §§ 224-a or 226 (*see Uhr v East Greenbush Cent. School Dist.*, 94 NY2d 32 [1999]; *Matter of Carrube v New York City Tr. Auth.*, 291 AD2d 558 [2002]; *Walts v First Union Mtge. Corp.*, 259 AD2d 322 [1999]; *Americana Petroleum Corp. v Northville Indus. Corp.*, 200 AD2d 646 [1994]; *see also* Public Service Law §§ 211, 224 [3]; § 224-a [7] [a]). The defendants also established that the plaintiffs did not have standing to seek redress for alleged violations of certain provisions of certain franchise agreements to which they were not parties (*see Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38 [1985]). The defendants further established that they did not breach any relevant contract's implied covenant of good faith and fair dealing (*cf. 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]; *Dalton v Educational Testing Serv.*, 87 NY2d 384 [1995]). In addition, the defendants established that they did nothing materially deceptive or misleading which caused the plaintiffs to sustain an actual injury (*see* General Business Law § 349; *Stutman v Chemical Bank*, 95 NY2d 24 [2000]; *Small v Lorillard Tobacco Co.*, 94 NY2d 43 [1999]; *Canario v Gunn*, 300 AD2d 332 [2002]; *Drepaul v Allstate Ins. Co.*, 299 AD2d 391 [2002]; *Benjaminov v Republic Ins. Group*, 241 AD2d 473 [1997]). Finally, the defendants established that they were not unjustly enriched at the plaintiffs' expense (*see Citibank, N.A. v Walker*, 12 AD3d 480 [2004]).

In response, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp., supra* at 323). Therefore, the Supreme Court properly granted the defendants' cross motion for summary judgment dismissing the complaint and denied, as academic, the plaintiffs' motion for class action certification (*see Heller v Coca-Cola Co.*, 230 AD2d 768 [1996]; *Rapp v Dime Sav. Bank of N.Y.*, 64 AD2d 964 [1978], *affd* 48 NY2d 658 [1979]).

The plaintiffs' remaining contentions are without merit. H. Miller, J.P., Schmidt, Adams and Goldstein, JJ., concur.