OPINION OF THE COURT
Edwin S. Shapiro, J.
*728 Plaintiff brought this action in December 2006 against the named' defendants (collectively referred to as Cablevision), then the exclusive local cable provider pursuant to its franchise agreement with the Town of Ossining, alleging “fraud,” “breach of contract” and violation “of its public and fiduciary duty as a monopoly ... in the community.”
The gist of the action is that at the inception of plaintiff’s subscription to Cablevision’s basic service in the year 2000, a Turner Classic Movies (TCM) channel was included in the “package” and that the inclusion of TCM was a material factor in his decision to subscribe and make the required monthly payments. Sometime in 2006 Cablevision notified its subscribers, including plaintiff, that it would no longer include TCM in its basic “analog” service, but at a substantial additional monthly fee, would offer it only on its relatively new “digital” service. In addition, a monthly charge would be required for a “conversion box.” Plaintiff alleges that the inclusion of TCM in Cablevision’s “basic package” was a material factor in his decision to become a Cablevision subscriber and in making the required monthly payments.
The complaint requested compensatory damages of $2,500 and $500 in punitive damages. Prior to the joinder of issue, plaintiff served and filed an amended complaint alleging a “conspiracy,” violation of unspecified antitrust laws, section 340 of the General Business Law, section 105.15 of the Penal Law, and deprivation of his “constitutional ‘right to know,’ ” and his request for relief was amended to include an injunction restraining Cablevision from continuing to engage in the acts complained of.
By order to show cause, Cablevision obtained a stay of this action by the Supreme Court on the ground that this court does not have jurisdiction to grant equitable relief. The case was later returned to this court upon the plaintiff’s consent to withdraw his request for injunctive relief. Cablevision filed its answer to the amended complaint on June 20, 2007.
Plaintiff served a meticulously drafted set of interrogatories. At a conference before the court, plaintiff sought an order directing Cablevision to respond to them. Cablevision advised the court that it was about to file a motion for summary judgment which would stay disclosure under CPLR 3214 (b) until the determination of the motion is made “unless the court orders otherwise.” The court suggested that plaintiff might successfully defeat its planned summary judgment motion on the *729 ground that he did not yet have an opportunity to discover facts that could create triable issues. Thus, with the apparent consent of Cablevision, the court directed it to respond to the interrogatories within a month and to state in its response any defenses or objections it may have to any of them. Cablevision responded to plaintiffs interrogatories within the time allotted.
Thereafter, on October 24, 2007, plaintiff filed a motion pursuant to CPLR 3126 to strike Cablevision’s answer on the ground that its responses to the interrogatories were incomplete. Cablevision filed an answer to plaintiffs motion and a cross motion for summary judgment and sanctions in mid-November. On December 5th, plaintiff filed a cross motion for summary judgment and sanctions and two affidavits in support of a new claim that the agreement he signed with Cablevision was invalidated by Cablevision’s alleged noncompliance with section 70-26 of the Code of the Town of Ossining. Cablevision filed a reply affirmation and a memorandum of law on December 13th. All of the papers were timely served and filed within the dates provided by the court, as modified by apparent agreement between the parties.
Upon a careful reading of the papers submitted, including two memoranda of law by Cablevision, plaintiffs motion to strike Cablevision’s answer is denied and the court concludes that there are no triable issues of fact, nor could there be any, even if plaintiffs interrogatories were responded to more fully. Cablevision’s business decisions may have been detrimental to the consumer and enabled by a powerful industry-wide lobby. However, all of plaintiffs causes of action are hereby dismissed.
Like it or not, however self-serving Cablevision’s motives might have been, it had the contractual right to jettison TCM from its basic analog package under existing law. The subscription agreement between Cablevision and its subscribers is routinely signed by each subscriber when services are initially installed, and is also posted on Cablevision’s Web site. Paragraph 15 provides: “Rates. All rates are subject to change in accordance with applicable law.” Paragraph 17 incorporates by reference the “Terms of Service” as posted on its Web site. One of such “Terms” is a “Disclaimer,” which authorizes Cablevision to change its programming and pricing in accordance with applicable law. The disclaimer also appears in Cablevision’s annual notice to subscribers and was on the notice received by plaintiff advising that TCM had been moved to a digital tier.
Nor is there a valid claim of fraud under any scenario. Cablevision took no money from plaintiff under false pretenses *730 and provided the services he had contracted for. Plaintiff received everything he paid for but not everything he had hoped for.
Plaintiffs references to breach of trust and violations of the General Business Law, the Penal Law, and antitrust laws are oblique at best. These causes of action are not supported in any meaningful manner in plaintiffs papers.
The practice of “bundling” may well not be in the public interest. However, under the applicable federal statutes, cases, and present Rules of the Federal Communications Commission, there is no remedy that this court can grant.
Plaintiffs belated claim that Cablevision’s actions are in violation of Ossining Town Code § 70-26 may be correct. Although the Cable Television Consumer Protection and Competition Act of 1992 (47 USC § 543 [a] [1]) provides that regulation of “the rates for the provision of cable service” is governed exclusively by the federal statute and Commission regulations, it leaves room for local governments to act in a manner that is not inconsistent with the rate regulation rules promulgated by the Federal Communications Commission (FCC). Ossining Town Code § 70-26 does not appear to be inconsistent with any FCC rules. Nevertheless, as argued by Cablevision, it appears that plaintiff has no private right of action against it under New York or federal law. Pursuant to Tepper v Cablevision Sys. Corp. (19 AD3d 585 [2d Dept 2005]) and Broder v Cablevision Sys. Corp. (418 F3d 187 [2d Cir 2005]), plaintiffs complaint regarding Cablevision’s rates and its digital conversion of the TCM channel should be addressed to the New York Public Service Commission pursuant to article 11 of the Public Service Law. Tepper also held that individual subscribers are not third-party beneficiaries of Cablevision’s agreements with municipalities. Finally, whether Cablevision failed to comply with Ossining Town Code § 70-26 is a matter for determination by the Ossining Town Council rather than by this court.
Cablevision’s request for sanctions is denied for the principal reason that part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR) specifically excludes the town and village courts from granting them.