# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**904**

**CA 14-00359**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

ALI R. ABDULNABI, PLAINTIFF-APPELLANT,

V                                                                MEMORANDUM AND ORDER

ALLSTATE INSURANCE COMPANY, DEFENDANT-RESPONDENT.

---

MARCUS & CINELLI, LLP, WILLIAMSVILLE (DAVID P. MARCUS OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LEWIS JOHS AVALLONE AVILES, LLP, ISLANDIA (DANIEL A. BARTOLDUS OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered November 25, 2013. The order, among other things, denied the motion of plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages based on defendant's alleged breach of an insurance policy issued by defendant to plaintiff covering real property owned by plaintiff. Plaintiff submitted a claim to defendant for fire loss, and defendant refused to pay the claim on the ground that, inter alia, plaintiff's intentional conduct caused the fire.

We conclude that Supreme Court properly denied plaintiff's motion for summary judgment. An insurer denying coverage based on the intentional ignition or procurement of a fire by the insured must establish "either that the fire was intentionally set *or* that [the insured] had a financial motive to destroy his [or her] property for the insurance proceeds" (*Van Nevius v Preferred Mut. Ins. Co.* [appeal No. 1], 280 AD2d 947, 947 [emphasis added]). Here, in the context of plaintiff's motion for summary judgment, if the evidence " 'indicates that plaintiff['s] premises *may* have been damaged by arson and that plaintiff[] *may* have had a motive to see the[] property destroyed by fire,' " a plaintiff-insured's motion for summary judgment should be denied (*Benjaminov v Republic Ins. Group*, 241 AD2d 473, 474; *see R.C.S. Farmers Mkts. Corp. v Great Am. Ins. Co.*, 56 NY2d 918, 920). Viewing the evidence in the light most favorable to the nonmoving party, as we must (*see Esposito v Wright*, 28 AD3d 1142, 1143), we conclude that plaintiff failed to meet his initial burden of establishing that the fire was not intentionally set (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We further conclude

that, although plaintiff met his initial burden of establishing that he did not have a financial motive to destroy the property for the insurance proceeds, defendant raised a triable issue of fact in that respect (*see generally id.*).

Entered: September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court