14-899-cv
*Sigall v. Zipcar, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of October, two thousand fourteen.

PRESENT:
ROBERT D. SACK,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
      *Circuit Judges.*

_____

MICHAEL SIGALL, on behalf of plaintiffs and the class members described herein, JESSICA SIGALL, on behalf of plaintiffs and the class members described herein,

      *Plaintiffs-Appellants*,

     - v. -                     No. 14-899-cv

ZIPCAR, INC., ZIPCAR NEW YORK, INC.,

      *Defendants-Appellees*.

_____

LAWRENCE KATZ (Daniel A. Edelman and Cathleen M. Combs, *on the brief*), Edelman, Combs, Latturner & Goodwin, LLC, *for Plaintiffs-Appellants*.

DENNIS R. LAFIURA (Paul J. Halasz and Elizabeth J. Sher, *on the brief*), Day Pitney LLP, Parsippany, NJ, *for Defendants-Appellees*.

1

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Jessica and Michael Sigall, on behalf of themselves and others similarly situated ("Appellants"), filed a complaint on July 1, 2013 in the Southern District of New York against Defendants-Appellees Zipcar, Inc. and Zipcar New York, Inc. ("Appellees"). On February 24, 2014, the district court (Oetken, *J.*) granted Appellees' motion to dismiss the complaint. We review the district court's grant of a motion to dismiss *de novo*. *Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 290 (2d Cir. 2013) (per curiam). We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

Appellants' complaint asserted three claims against Appellees.[1] Each claim relates to Appellees' alleged violation of New York General Business Law ("GBL") § 396-z, which regulates rental car companies. In Count I of the complaint, Appellants sought, *inter alia*, a declaratory judgment that certain vehicle damage charges debited by Appellees are void pursuant to GBL § 396-z, along with injunctive relief barring the collection of such charges in the future, and damages equal to all amounts obtained by Appellees for such charges. Count II of the complaint alleges that Appellees engaged in deceptive acts and practices in violation of GBL § 349 by representing to consumers that they are liable for such damages even though GBL § 396-z provides that they are not liable for such damages, by representing to credit card issuers that charges related to such damages were authorized, and by selling waivers to waive such damage charges even though the charges are not valid. Count III of the complaint alleges that Appellees committed common law fraud.

---

[1]A fourth claim, which alleged a violation of the Truth in Lending Act, applied only to a different defendant not subject to this appeal, Citibank, N.A. Appellants voluntarily dismissed their claims against Citibank, N.A. on January 30, 2014.

Appellants have failed to state a claim because GBL § 396-z does not provide a private right of action, and each of Appellants' claims relies solely on the fact that Appellees allegedly violated GBL § 396-z.[2] Appellants' claim for declaratory and injunctive relief is squarely barred by the decisions of the New York Appellate Division, First Department, in *Han v. Hertz Corp.*, 784 N.Y.S.2d 106 (App. Div. 2004), and *Goldberg v. Enterprise Rent-A-Car Co.*, 789 N.Y.S.2d 114 (App. Div. 2005), *abrogated on other grounds by Rhodes v. Herz*, 920 N.Y.S.2d 11 (App. Div. 2011). In *Han*, plaintiffs sought a declaration that defendants' rental car contracts were void for failure to abide by the requirements of GBL § 396-z and restitution for monies paid under those contracts. 784 N.Y.S.2d at 107. There, the Appellate Division held that plaintiffs' claims were barred because GBL § 396-z does not provide for a private right of action. *Id.* The court stated that "[s]ince no private right of action exists [under GBL § 396-z], the claims for money had and received and unjust enrichment were properly dismissed as an effort to circumvent the legislative preclusion of private lawsuits." *Id.* *Goldberg* similarly involved quasi-contractual claims for restitution which were dismissed "as an effort to circumvent the legislative preclusion of private lawsuits for violation of [GBL § 396-z]." 789 N.Y.S.2d at 115.

Appellants now attempt to distinguish *Han* and *Goldberg* on the basis that in those cases plaintiffs sought to void entire rental contracts, whereas Appellants seek only to invalidate the portions of Zipcar's membership contract that violate GBL § 396-z. Appellants argue that the plaintiffs in *Han* and *Goldberg* needed a separate private right of action beyond the declaratory relief

---

[2] In addition to arguing that the judgment of the district court should be affirmed because Appellants failed to state a claim, Appellees alternatively argue that the judgment should be affirmed on the ground that GBL § 396-z does not apply to them. We need not reach this alternative argument. Appellees have filed a motion to file a sur-reply brief pertaining to it, which we dismiss as moot.

3

that they sought because, unlike Appellants, those plaintiffs would not have been entitled to restitution if only the provisions of their rental agreements that violated GBL § 396-z were declared to be void. Appellants' argument ignores the explicit holdings of *Han* and *Goldberg*. *Han* and *Goldberg* held that plaintiffs' claims were barred not because declaratory relief would be insufficient to permit them to obtain restitution or because GBL § 396-z did not provide them a basis for voiding plaintiffs' rental agreements, but rather because plaintiffs' claims relied solely on a violation of GBL § 396-z, which does not provide for a private right of action. *Han*, 784 N.Y.S.2d at 107; *Goldberg*, 789 N.Y.S.2d at 115. "As a federal court applying state law," we are obliged to follow *Han* and *Goldberg* because there is no "contrary New York authority" and no "other persuasive data establish[es] that the highest court of the state would decide otherwise." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199-200 (2d Cir. 2005) (internal quotation marks omitted).

Appellants' claims alleging violations of GBL § 349 and common law fraud are barred because they merely repackage Appellants' GBL § 396-z claim. The Court of Appeals of New York held in *Schlessinger v. Valspar Corp.*, 991 N.E.2d 190, 193-94 (N.Y. 2013), that a plaintiff could not allege a violation of GBL § 349 where the alleged violation was premised solely on the fact that the alleged conduct violated another statute for which the plaintiff did not have a private right of action. This holding bars Appellants' claim under GBL § 349 because Appellants also have not alleged facts that if found to be true would demonstrate a free-standing GBL § 349 violation.[3] Appellants' claim for common law fraud is also barred because it likewise cannot stand on its own

___

[3] Appellants now attempt to argue that they have a free-standing claim under GBL § 349 because Zipcar's membership contract does not clearly provide Appellees with authorization to debit Zipcar members' credit cards for damage fees. This argument is belied, however, by the language of the membership contract, which is attached as an exhibit to Appellants' complaint and clearly authorizes Zipcar to debit such charges.

absent the alleged violations of GBL § 396-z.  *See Assured Guar. (U.K.) Ltd. v. J.P. Morgan Inv. Mgmt. Inc.*, 962 N.E.2d 765, 770 (N.Y. 2011).

We have reviewed Appellants' remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5