Buffalo Emergency Assoc., LLP v Aetna Health, Inc. (N.Y.) (2018 NY Slip Op 08436)





Buffalo Emergency Assoc., LLP v Aetna Health, Inc. (N.Y.)


2018 NY Slip Op 08436


Decided on December 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018

Sweeny, J.P., Renwick, Mazzarelli, Oing, Moulton, JJ.


7842 651937/17

[*1]Buffalo Emergency Associates, LLP, et al., Plaintiffs-Appellants,
v
Aetna Health, Inc. (New York), et al., Defendants-Respondents.


Arent Fox LLP, Washington, DC (Caroline Turner English of the bar of the District of Columbia and the State of Virginia, admitted pro hac vice, of counsel), for appellants.
Connell Foley LLP, New York (Patricia A. Lee of counsel), and Elliot Greenleaf, P.C., Blue Bell, PA (Gregory S. Voshell of the bar of the State of New Jersey and the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered November 27, 2017, which granted defendants' motion to dismiss the amended complaint, unanimously affirmed, without costs.
The New York Emergency Services and Surprise Bills Act (the Act) does not provide for a private right of action to enforce its provisions, and the court properly dismissed the complaint as an improper effort to "circumvent the legislative preclusion of private lawsuits" for violation of the Act (Han v Hertz Corp., 12 AD3d 195, 196 [1st Dept 2004]). In any event, plaintiffs' claim for unjust enrichment was also deficient in that the complaint did not allege an equitable obligation running from defendants to plaintiffs, a required element of this cause of action (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790-791 [2012]). Plaintiffs similarly failed to state a cause of action for declaratory relief, as this cause of action "is intended to declare the respective legal rights of the parties based upon a given set of facts, not to declare findings of fact," such as the amount that plaintiffs are entitled to be reimbursed for their services (Touro Coll. v Novus Univ. Corp., 146 AD3d 679, 679 [1st Dept 2017]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 11, 2018
CLERK